MIGUEL R. RIVERA, an Infant, by His Guardian ad Litem, ELENA R. SOLAREZ, et al., Respondents, *v.* CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY et al., Respondents; IVY KENNETH BLECHER et al., Appellants.

First Department, April 21, 1966.

*Aaron J. Broder* of counsel, in person, for Ivy Kenneth Blecher and others, appellants.

*Per Curiam.* The order appealed from should be affirmed.

As the dissent indicates, this infant's action was characterized by very severe injuries but liability so doubtful that it was practically nonexistent. Experience shows that settlement of such a claim is prompted somewhat by the charity of the defendant's representatives but mostly by the fear of what the sympathy of the jurors will prompt them to find. Specifically, this would be a finding against the facts which, though it might be upset on appeal, would only be corrected by the expenditure of money and effort and would very likely leave the defendant to face the same procedure in one or more subsequent trials. It is one of the inadequacies of our trial system that such a condition not only exists but is far from uncommon. The dissent rightly points out that many lawyers will not take a case of this character. When experienced counsel do, they should anticipate that the compensation for so doing will be minimal. This is not a situation where the efforts of counsel have created a fund where without those efforts no fund would be discernible. The fund here was created by the economic pressure of having to resist at considerable cost a claim not justified in law. The fact that such a situation arises through the inability of a defendant to recoup his expenses does not make it any more palatable. In the circumstances, it cannot be said there was an abuse of discretion on the part of the trial court.

The order should be affirmed, without costs and disbursements.

Breitel, J. P. (dissenting). By applicable standards, plaintiffs' lawyers were entitled, in this difficult and bitterly controverted personal injury negligence action, to a fee more substantial than 10% of the recovery.

Normal criteria taken into account in determining the propriety of legal fees in any case where they are subjected to scrutiny by the court include, of course, the result achieved, the nature and difficulty of the case and the value and quality of the legal services performed (see, e.g., *Matter of Tillman,* 259 N. Y. 133, 136; Attorney and Client, 3 N. Y. Jur., § 102 *et seq.*;

Attorneys' Compensation — Amount, Anno: 56 ALR 2d 13, 170–172).

The trial court had originally fixed a fee award of 10% of a $60,000 settlement during trial. On appeal by the lawyers, this court reversed and remanded for reconsideration (23 A D 2d 837). In the subsequent opinion by the trial court, justifying adherence to the original 10% award, reference was made to the vigorous denial of responsibility by defendants and to the "serious doubt as to whether the plaintiff's [sic] complaint could withstand a motion to dismiss * * *" In the trial court's view, these factors, coupled with the "antagonistic attitude and actions of plaintiff's counsel and the paucity of his contribution to the negotiations for adjustment of this matter," justified a reduced fee. This strong doubt as to the existence of liability indicates, however, that the ultimate $60,000 settlement was really an excellent and probably optimal result from the vantage point of the infant plaintiff.

Measured, then, by the result, the lawyers are entitled to a substantial fee even if somewhat reduced because of other circumstances in the case. Other lawyers might not have even taken the case, let alone developed it. Nor does the record now before this court indicate that the lawyers can be faulted on any other score. No criticism is made of the manner in which the trial — which went virtually to its conclusion — was prepared or conducted. Judged retrospectively, it now appears that the lawyers' apparent earlier unwillingness to negotiate a settlement represented a successful and perhaps a correct and skillful assessment of the situation.

In adult personal injury cases, under the rules, the fees fixed in the court schedules may run as high as 33⅓% of the recovery (Rules of the App. Div., 1st Dept., Part 4, Rule IV). It has been customary to allow less in infant cases. *Siganoff* v. *Metropolitan Distrs.* (111 N. Y. S. 2d 21) is relevant. There, on facts in some respects quite analogous to those here, including dubious liability and a settlement of $50,000 for an infant who, like the present plaintiff, sustained permanent brain injury, the trial court allowed the infant's lawyer a fee of 25% of the first $20,000 and 20% of the balance of the recovery. Moreover, there was an additional fee allowance in the *Siganoff* case on the same basis for another infant.

The nature of the injuries sustained by the infant plaintiff is notably severe. A formerly normal child has been rendered physically and mentally incapacitated and in need of care for the remainder of his life. The trial judge's wish to safeguard as much as possible of the settlement sum for the infant's benefit

and use is understandable and humane. But against this must be balanced the effect of a rule allowing inadequate fees to lawyers representing seriously injured infants. Such a rule will inevitably make it more difficult for similarly situated infant plaintiffs to obtain the same kind of dogged, persistent, and effective representation which the present plaintiff apparently had and needed.

Assuming, as one certainly should, that the nature of the particular injuries in suit warrants the utmost solicitude for this infant plaintiff, a 20% legal fee based on a contingency in a concededly dubious case, would seem the lowest figure which would, in this case, represent adequate compensation to the lawyers. Whether or not the lawyers were induced by the Trial Judge, to consent to a " very, very, very modest fee " in an unspecified amount in no way alters the general considerations involved. In a case of clear liability and substantially undisputed injury meriting a large recovery even a 10% allowance may be too high. But in this very difficult and doubtful case a 20% contingent fee is a very modest fee.

Accordingly, the order should be modified, as a matter of law and in the exercise of discretion, by increasing the fee awarded to plaintiffs' attorneys from $6,000 to $12,000.

RABIN, McNALLY and STEUER, JJ., concur in Per Curiam opinion; BREITEL, J. P., dissents in opinion, in which WITMER, J., concurs.

Order, entered on October 1, 1965, so far as appealed from, affirmed, without costs and without disbursements.