■ Lisa R. Milano, an Infant, by Her Father and Natural Guardian, Salvatore Milano, et al., Plaintiffs, v Cornwall Hospital et al., Defendants. Finkelstein, Kaplan, Levine, Gittelsohn & Tetenbaum et al., Nonparty Appellants.—In an action to recover damages for medical malpractice, etc., Fink-

elstein, Kaplan, Levine, Gittelsohn & Tetenbaum and Fuchsberg & Fuchsberg appeal, as limited by their brief, from stated portions of (1) an infant compromise order of the Supreme Court, Orange County (Patsalos, J.), dated September 30, 1988, which, upon the settlement of the action after the close of the plaintiffs' case, *inter alia,* directed that the appellants receive only the sum of $200,000 as attorney's fees and disbursements, (2) an order of the same court dated January 31, 1989, which, *inter alia,* vacated the order dated September 30, 1988, and directed counsel to submit a new infant compromise order awarding the appellants only the sum of $200,000 as attorney's fees plus disbursements of $39,163.64, and (3) an infant compromise order of the same court dated March 6, 1989, which, *inter alia,* awarded the appellants only the sum of $200,000 as attorney's fees plus disbursements of $39,163.64.

Ordered that the appeals from the infant compromise order dated September 30, 1988, and the order dated January 31, 1989, respectively, are dismissed, without costs or disbursements, as those orders were superseded by the infant compromise order dated March 6, 1989; and it is further,

Ordered that the infant compromise order dated March 6, 1989, is affirmed insofar as appealed from, without costs or disbursements.

We find that, under the circumstances of this case, the counsel fees awarded were suitable compensation for the services rendered on behalf of the infant plaintiff *(see,* Judiciary Law § 474; *Rivera v City of New York,* 25 AD2d 297).

The appellants' remaining contention is based on matter dehors the record and has not been considered. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.