■ PCB PIEZOTRONICS, Respondent-Appellant, v NICHOLAS D. CHANGE et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Trial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, their determinations should not be disturbed *(see, Matter of U.S. Pioneer Elecs. Corp. [Nikko Elec. Corp.],* 47 NY2d 914; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915). We find no abuse of discretion in the court's

direction that certain product documents be produced for discovery in this action for infringement of trade secrets, breach of contract and unfair competition. We conclude, however, that the court's order should be modified in two respects. First, although documents pertaining to common customers and suppliers were to be produced under a prior order, the court, without explanation, omitted those items from the subject order. The items are discoverable (see, *Durham Med. Search v Physicians Intl. Search,* 122 AD2d 529), and we perceive no reason to withhold discovery at this time. Second, the trial court denied plaintiff's application for discovery of certain drawings, designs and products in defendants' possession or control without prejudice to further discovery requests. The court also directed, however, that any future applications for discovery be supported by technical expertise emanating from a source other than plaintiff's attorney or employees. In our view, this restriction impermissibly denies plaintiff its procedural right to demonstrate the materiality and necessity of documents for discovery purposes (see, CPLR 3101 [a]). The court may, as it has in the past, rely upon the recommendation of a neutral expert in deciding whether to grant discovery of trade secrets, but it may not preclude plaintiff from submitting its own expert material in support of the discovery application. (Appeals from order of Supreme Court, Erie County, Rath, Jr., J.—discovery.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.