■ JOEN BANKS, an Infant, by His Mother and Natural Guardian, MILEDA ABREU, et al., Appellants, v IZZY LINDENBAUM, Respondent. [609 NYS2d 813] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered May 6, 1991, as, after a jury trial, is in favor of the plaintiffs in the principal sum of $104,850, and (2) from a compromise order of the same court, dated July 12, 1991, which awarded the plaintiffs' attorney $20,000 in attorney's fees and disbursements.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

"It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury" *(Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478; *see, Jandt v Abele,* 116 AD2d 699). Only where the award "deviates materially from what would be reasonable compensation" can a new trial be granted (CPLR 5501 [c]). On this record we find that the jury verdict did not "deviate * * * materially from what would be reasonable compensation".

We further find that under the circumstances of this case, the counsel fees awarded were suitable compensation for the services rendered on behalf of the infant plaintiff *(see,* Judiciary Law § 474; *Milano v Cornwall Hosp.,* 160 AD2d 782). Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.