■ XEROX CORPORATION, Appellant-Respondent, v TOWN OF WEBSTER et al., Respondents-Appellants. (Appeal No. 1.) [616 NYS2d 119] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion to allow full use of the 1987 deposition of former Town of Webster Assessor Margaret Kuhn. The parties stipulated in August 1987 that the deposition would not be copied or released to any persons except in furtherance of the proceedings underlying the stipulation. This action was not one of those proceedings. Thus, the court properly held that the deposition may be read by the parties and used to refresh Kuhn's recollection but may not be used as evidence in this action.

We conclude that the court did not abuse its discretion in determining plaintiff's motion to compel production of certain documents. Absent an abuse of discretion, we decline to disturb that determination *(see, PCB Piezotronics v Change,* 163 AD2d 829).

The court properly granted the motion to quash the subpoena duces tecum served by plaintiff upon defendants' appraiser. The parties entered into an agreement in May 1992 that provided that the appraiser's report would not be used or referred to in any subsequent litigation. In any event, the material sought from the appraiser was prepared to assist plaintiff's attorney in analyzing plaintiff's case. Thus, it is protected from disclosure as part of the attorney's work product *(see,* CPLR 3101 [c]; *Santariga v McCann,* 161 AD2d 320, 321).

The court properly denied defendants' motion to amend the

caption and complaint to include as defendants only the Town of Webster and Village of Webster. A State official may be sued in his or her official capacity in a 42 USC § 1983 action seeking injunctive relief "because 'official-capacity actions for prospective relief are not treated as actions against the State' " *(Will v Michigan Dept. of State Police,* 491 US 58, 71, n 10, quoting *Kentucky v Graham,* 473 US 159, 167, n 14). (Appeals from Order of Supreme Court, Monroe County, Wisner, J.—Discovery.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.