■ JEANETTE C. ANDRUSZEWSKI, Appellant, v ANGELO J. CANTELLO, Respondent, and NATIONWIDE MUTUAL INSURANCE COMPANY et al., Intervenors-Respondents. [668 NYS2d 297] —Order unanimously affirmed with costs. Memorandum: In this personal injury action arising out of an automobile collision, defendant, Angelo J. Cantello, moved for an order precluding the testimony of plaintiff's treating psychologists, Drs. Appel and Blumetti, on the ground that plaintiff had failed to produce their complete files on plaintiff. Supreme Court conditionally ordered the preclusion of their testimony unless they produced, within 30 days, their complete patient files, including certain enumerated tests that had been administered to plaintiff, along with test books, instructions, manuals, raw test data, questions, answers, profiles and means of scoring the tests. In response, plaintiff produced only some records from Dr. Blumetti and none from Dr. Appel. The court thereafter issued an order precluding the psychologists from testifying and precluding plaintiff from using their files at trial. We affirm.

Trial courts have broad discretion in supervising disclosure (*see, Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp.],* 47 NY2d 914, 916; *see also, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406), and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed (*Xerox Corp. v Town of Webster,* 206 AD2d 935; *PCB Piezotron-*

*ics v Change*, 163 AD2d 829; *Nitz v Prudential-Bache Sec.*, 102 AD2d 914, 915). The court properly determined that plaintiff's failure to comply with the preclusion order was the "result of willful, deliberate, and contumacious conduct or its equivalent" (*Vatel v City of New York*, 208 AD2d 524, 525; *see*, CPLR 3126 [2]; *Beard v Peconic Foam Insulation Corp.*, 149 AD2d 555, 556). The fact that plaintiff's doctors were uncooperative in producing reports does not relieve plaintiff of her burden of providing defendant with the documentation necessary to prepare a defense (*see, Lisec v Abrams*, 112 AD2d 145, 145-146). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Discovery.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.