■ ROBERT KRIESEL, Appellant-Respondent, v MAY DEPARTMENT STORES COMPANY, Doing Business as KAUFMANN'S and/or KAUFMANN'S DEPARTMENT STORE, et al., Respondents-Appellants. (Appeal No. 2.) [689 NYS2d 589] —Amended judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only in accordance with the following Memorandum: Plaintiff appeals from a judgment after a jury trial that awarded plaintiff damages for past and future lost wages and medical expenses but failed to award damages for past or future pain and suffering. We agree with plaintiff that the failure to award damages for pain and suffering deviates materially from what would be reasonable compensation in that respect (see, CPLR 5501 [c]). The jury's verdict awarding plaintiff damages for medical expenses and lost wages indicates that the jury found a causal connection between plaintiff's fall in defendants' store and plaintiff's injuries. Where the evidence establishes that plaintiff suffered an injury requiring medical treatment and resulting in other consequences, "the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation" (*Kennett v Piotrowski,* 234 AD2d 983, 984). Thus, plaintiff is entitled to a new trial on damages for past and future pain and suffering.

Defendants contend in their cross appeal that, by accepting payment of the judgment and by executing a satisfaction of judgment, plaintiff waived his right to appeal. In denying defendants' motion to dismiss the appeal, this Court previously rejected defendants' contention. We note that plaintiff executed a satisfaction of judgment for the judgment awarding him damages for past and future lost wages and past and future medical expenses but argues on appeal that the verdict awarding him no damages for pain and suffering is inadequate. As a general rule, a plaintiff may not appeal after accepting payment of a judgment (see, *Mid-State Precast Sys. Corbetta Constr. Co.,* 223 AD2d 776, 777). Where, as here, however, "the outcome of the appeal could have no effect on the appellant's right to the

benefit he or she accepted, its acceptance should not preclude the appeal [citation omitted]. 'There is nothing inconsistent in a party's accepting the benefit of a judgment * * * and appealing in an attempt to increase the award' " (*Roffey v Roffey*, 217 AD2d 864, 865). "This exception appears to be limited to those instances where the appellant's right to the amount awarded by the original judgment is absolute, making it possible to obtain a more favorable judgment without the risk of a less favorable result upon retrial" (*Williams v Hearburg*, 245 AD2d 794, 795, *lv denied* 91 NY2d 810).

Defendants further contend that Supreme Court erred in precluding evidence concerning the issue of plaintiff's contributory negligence and that, if a new trial is ordered, all issues should be retried. We disagree. During discovery and prior to trial, plaintiff had requested any incident reports made by defendants at the time of the accident. The front of a two-sided report had been given to plaintiff during pretrial discovery. When defendants turned over the entire document on the second day of trial, their attorney explained that he was unaware that a second side existed. The court received the entire report into evidence, while affording the parties an opportunity to locate a previously unknown witness named on the back of the report. It is apparent that the witness's account of the incident is contrary to plaintiff's account.

When defendants attempted to use information in that report, plaintiff objected on the ground of prejudice, arguing that he had no opportunity to interview the witness, whose address and phone number were provided just that day. The court ruled that the report was admissible as a business record but redacted the words "pancake molding on cord". CPLR 3101 (g) provides that "there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices". The failure to comply with that section may result in sanctions to the withholding party, which may include precluding the nondisclosing party from using the evidence in any manner during the trial (*see,* CPLR 3126 [2]; *Northway Eng'g v Felix Indus.,* 77 NY2d 332, 335). We conclude that the court did not abuse its discretion in redacting those words under the circumstances herein (*see, Xerox Corp. v Town of Webster,* 206 AD2d 935; *PCB Piezotronics v Change,* 163 AD2d 829), and that a new trial of all issues is not required. (Appeals from Amended Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Damages.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.