■ JAMES R. ROBERTSON, Appellant, v SPECTRUM APPLICATIONS, INC., Respondent. (Appeal No. 1.) [710 NYS2d 293] —Judgment unanimously affirmed without costs. Memorandum: Because plaintiff did not accept payment or the benefits of the judgment, his appeal from the judgment is not precluded (see, Kriesel v May Dept. Stores Co., 261 AD2d 837; see also, Cornell v T. V. Dev. Corp., 17 NY2d 69, 73). Contrary to plaintiff's contention, however, the jury's award of damages does not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]; Banks v Lindenbaum, 201 AD2d 523). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Negligence.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.

■ JAMES R. ROBERTSON, Appellant, v SPECTRUM APPLICATIONS, INC., Respondent. (Appeal No. 2.) [710 NYS2d 283] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not abuse its discretion in allowing defendant to deposit with the clerk of the court the amount of the judgment against it after plaintiff rejected tender of payment (cf., Meilak v Atlantic Cement Co., 30 AD2d 254, 256). The court erred, however, in directing plaintiff to file a satisfaction-piece. CPLR 5021 (a) (3) directs that the clerk of the court shall make an entry of the satisfaction on the docket of the judgment upon the deposit with the clerk of a sum of money that satisfies the judgment pursuant to an order of the court permitting such deposit. Therefore, we modify the order by vacating the third ordering paragraph and providing in place thereof: "ORDERED that the clerk of the court shall make an entry of the satisfaction on the docket of the judgment upon receipt of the aforementioned deposit from defendant." (Appeal from Order of Supreme Court, Erie County, Burns, J.—CPLR 5021.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.