■ LISA NYHLEN, as Administratrix D. B. N. of the Estate of JOHN H. HARBIN, JR., Deceased, Appellant, v MILLARD FILLMORE HOSPITALS et al., Respondents. [715 NYS2d 183] —Order unanimously affirmed without costs. Memorandum: Stephen J. Gawronski, M.D. (defendant), a vascular surgeon, was contacted by telephone to consult on the course of treatment for plaintiff's decedent, a patient whom he had never seen, and agreed to perform a surgical procedure to address a pulmonary embolism. Defendant contacted Millard Fillmore Hospital to schedule a time for the surgery but was advised that no operating rooms were available. Before an operating room became available, plaintiff's decedent died. Defendant never saw the patient, or went to the hospital that day. He was advised of decedent's death by telephone. He was told that decedent's

family was very angry and upset. Defendant was further advised that decedent's family had been told that decedent died because the surgery had not been performed in a timely manner. Defendant testified at his deposition that, because of that information, he was concerned that a lawsuit would be commenced and therefore made notes of the events of the day.

Supreme Court did not abuse its discretion in denying plaintiff's motion to compel discovery of the notes after an in camera review of the notes and a review of defendant's deposition testimony. "Trial courts have broad discretion in supervising disclosure * * * and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (*Andruszewski v Cantello*, 247 AD2d 876). Implicit in the court's decision is the determination that the notes were made in anticipation of litigation, and the court expressly determined that the "substantial equivalent" of the notes would be available through the depositions of defendants (CPLR 3101 [d] [2]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.