■ In the Matter of CENTER GREEN, INC., Appellant, v ANTHONY J. PALUMBO, Respondent. (Appeal No. 1.) [715 NYS2d 264] —Order unanimously affirmed with costs. Memorandum: Petitioner commenced this summary eviction proceeding against respondent in City Court contending that respondent had not timely tendered the November rent payment. The court granted that part of respondent's motion seeking summary judgment dismissing the proceeding on the ground that, pursuant to the express terms of the lease, a default does not occur unless the lessee fails to tender the rent payment within 15 days of its due date and, here, respondent tendered the rent payment within that 15-day period. The court, however, denied respondent's motion insofar as it sought attorney's fees, costs and disbursements pursuant to paragraph 48.2 of the lease. After the court rendered its decision, respondent tendered a check for the amount of the November rent payment, which petitioner accepted and deposited without reservation or qualification. Thereafter, respondent appealed to County Court from that portion of the judgment denominated an order (*see, Pigler v Adam, Meldrum & Anderson Co.,* 195 AD2d 1011) that denied his motion for attorney's fees, costs and disbursements, and petitioner cross-appealed from the judgment.

County Court properly granted respondent's motion to dismiss the cross appeal. By accepting the benefits of the judgment, petitioner waived its right to appeal from it (*see, Kriesel v May Dept. Stores Co.,* 261 AD2d 837, 837-838; *Reynolds v County of Onondaga,* 149 AD2d 986, *lv denied* 74 NY2d 608). The court also properly modified the judgment of City Court by granting that part of respondent's motion seeking attorney's fees, costs and disbursements. Paragraph 48.2 of the lease agreement provides that the lessee may recover reasonable attorney's fees, costs and disbursements from the lessor in the event that the lessee brings a legal action to compel the lessor to perform "covenants and conditions" that the lessor is obligated to perform under the lease. Here, petitioner lessor improperly commenced a legal proceeding and respondent lessee was compelled to incur expenses in defending that proceeding and moving for summary judgment dismissing it. We agree with County Court that, under those circumstances, the provisions of paragraph 48.2 were triggered. (Appeal from Order of Oneida County Court, Dwyer, J.—RPAPL.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.