■ Paul Faragiano, by His Guardian ad Litem, Joseph A. Faragiano, Sr., et al., Respondents, v Town of Concord, Appellant, et al., Defendants. [741 NYS2d 369] —Appeal from so much of an order of Supreme Court, Erie County (Whelan, J.), entered April 19, 2001, that, inter alia, granted plaintiffs' cross motion seeking, inter alia, leave to conduct further depositions of three present or former employees of defendant Town of Concord.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiffs' cross motion seeking to compel defendant Town of Concord to disclose the unredacted diary of a former employee of defendant Town of Concord and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Supreme Court properly granted that part of plaintiffs' cross motion seeking leave to conduct further depositions of three present or former employees of defendant Town of Concord (Town). It is well settled that the court is vested with broad authority to supervise discovery (see Baliva v State Farm Mut. Auto. Ins. Co., 275 AD2d 1030, 1031; Andruszewski v Cantello, 247 AD2d 876; Nitz v Prudential-Bache Sec., 102 AD2d 914, 915), and the court's exercise of that authority should not be disturbed absent a clear abuse of discretion (see Andruszewski, 247 AD2d at 876-877; see also MS Partnership v Wal-Mart Stores, 273 AD2d 858, 858). Here, the Town provided certain documents needed

for the depositions of the three witnesses at issue either just prior to the first depositions of those witnesses or at the time of those depositions, and thus we conclude that the court did not abuse its discretion in permitting the further depositions of those witnesses.

We agree with the Town, however, that the court abused its discretion in granting that part of plaintiffs' cross motion seeking to compel the Town to disclose the unredacted diary of a former employee of the Town without first reviewing the diary in camera. The court previously had ordered disclosure of the diary, with "any privileged, or personal, non-work related entries that have nothing to do with the occurrence herein to be redacted." A redacted diary was provided and, in now seeking disclosure of the unredacted diary, plaintiffs have raised valid questions concerning the nature of the redactions. We conclude that the court should have reviewed the diary in camera "to determine whether full disclosure is required and to minimize the intrusion into [the] privacy" of the Town's former employee (*Carter v Fantauzzo,* 256 AD2d 1189, 1190; *see generally Baliva,* 275 AD2d at 1031). We therefore modify the order by denying that part of plaintiffs' cross motion seeking to compel the Town to disclose the unredacted diary of a former employee of the Town, and we remit the matter to Supreme Court, Erie County, to determine that part of the cross motion following an in camera review of the diary. Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.