ROBIN RUSSELL, Individually and as Administratrix of the Estate of RONALD L. RUSSELL, Deceased, Appellant, v CITY OF BUFFALO et al., Respondents. LISA WRIGHT et al., as Coadministrators of the Estate of DAREN M. ALEXIS, Deceased, Appellants, v CITY OF BUFFALO et al., Respondents, et al., Defendant. [772 NYS2d 160]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered July 25, 2002. The order, insofar as appealed from, denied in part the motion of plaintiff Robin Russell, individually and as administratrix of the estate of Ronald L. Russell, deceased, to compel disclosure.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by grant-

ing those parts of the motion of plaintiff Robin Russell, individually and as administratrix of the estate of Ronald L. Russell, deceased, to compel defendants City of Buffalo, Buffalo Police Department and Thomas Bluff to produce the factual findings, calculations, measurements, diagrams and related factual material and data collected by their experts from the shut-down of Route 33 with regard to the accident at issue and directing those defendants to produce those materials and as modified the order is affirmed without costs.

Memorandum: Plaintiffs' decedents were involved in a collision with a vehicle driven by officers of defendant Buffalo Police Department on Route 33 in the City of Buffalo. Supreme Court erred in denying those parts of the motion of Robin Russell, individually and as administratrix of the estate of Ronald L. Russell, deceased (plaintiff), to compel the City of Buffalo, Buffalo Police Department and Thomas Bluff (collectively, defendants) to produce the factual findings, calculations, measurements, diagrams and related factual material and data collected by defendants' experts when Route 33 was shut down to allow them to investigate the accident.

"Trial courts have broad discretion in supervising discovery" (*Nyhlen v Millard Fillmore Hosp.*, 275 AD2d 943, 944 [2000]). However, where, as here, plaintiff demonstrated that she could not obtain the same information without undue hardship or by any other means because she did not have the power to shut down Route 33 to investigate the accident, the court erred in denying plaintiff access to the materials sought, regardless of whether those materials were prepared exclusively in anticipation of litigation (*see* CPLR 3101 [d] [2]).

We therefore modify the order by granting those parts of plaintiff's motion to compel defendants to produce the factual findings, calculations, measurements, diagrams and related factual material and data collected by defendants' experts from the shut-down of Route 33 with regard to the accident at issue and directing defendants to produce those materials.

We have reviewed plaintiffs' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.