■ OPTIC PLUS ENTERPRISES, LIMITED, Appellant, v BAUSCH & LOMB INCORPORATED et al., Respondents. (Appeal No. 1.) [829 NYS2d 797]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 22, 2006 in a breach of contract action. The order, insofar as appealed from, denied that part of plaintiff's motion seeking an in camera review of documents withheld by defendants on the ground of privilege, granted in part defendants' cross motion to compel and granted a conditional order of preclusion.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion in part and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of an authorized distributor agreement. During discovery defendants withheld the documents set forth in their

"Privilege Log" dated April 13, 2006, on the ground that the documents were protected by the attorney-client privilege. Plaintiff moved, inter alia, for an order compelling defendants to produce those documents or, in the alternative, for an in camera review of those documents. We conclude that Supreme Court properly refused to compel defendants to produce the documents but erred in denying that part of plaintiff's motion for an in camera review of them. We therefore modify the order accordingly, and we remit the matter to Supreme Court for an in camera review of those documents to determine if any of the documents are subject to disclosure.

"CPLR 4503 (a) states that a privilege exists for confidential communications made between attorney and client in the course of professional employment, and CPLR 3101 (b) vests privileged matter with absolute immunity" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]). "Obvious tension exists between the policy favoring full disclosure and the policy permitting parties to withhold relevant evidence. Consequently, the burden of establishing any right to protection is on the party asserting it; the protection claimed must be narrowly construed; and its application must be consistent with the purposes underlying the immunity" (*id.*). It is axiomatic that "[t]he privilege applies to communications with attorneys, whether corporate staff counsel or outside counsel" (*Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 592 [1989]). In the context of corporate staff counsel, however, "nettlesome questions . . . [have been raised because staff attorneys] may serve as company officers, with mixed business-legal responsibility," and the line between legal and nonlegal communications therefore may be blurred (*id.*).

Although defendants contended that all of the documents set forth in the "Privilege Log" are privileged, "a court is not required to accept a party's characterization of material as privileged or confidential" (*Muriel Siebert & Co., Inc. v Intuit Inc.*, 32 AD3d 284, 286 [2006]; *see Spectrum Sys. Intl. Corp.*, 78 NY2d at 379-380). In the end, resolution of the issue "whether a particular document is . . . protected is necessarily a fact-specific determination . . . , most often requiring in camera review" (*Spectrum Sys. Intl. Corp.*, 78 NY2d at 378).

Contrary to plaintiff's contention, we conclude that the court properly granted that part of defendants' cross motion for a conditional order of preclusion. "The nature and degree of the penalty to be imposed on a CPLR 3126 motion lies within the sound discretion of the trial court and will be disturbed only if there has been an abuse or [an] improvident exercise of discre-

tion" (*Kimmel v State of New York*, 267 AD2d 1079, 1080 [1999]; *see e.g. Danser v Carrols Corp.*, 11 AD3d 940 [2004]; *Wright v Visiting Nursing Assn. of WNY*, 295 AD2d 943 [2002]; *cf. Adams v Deloreto*, 272 AD2d 875 [2000]). Based on the facts and circumstances of this case, we conclude that the court neither abused its discretion nor improvidently exercised its discretion in granting that part of defendants' cross motion.

All concur except Smith, J., who dissents in part and votes to affirm in the following memorandum.

Smith, J. (dissenting in part). I respectfully dissent in part because I cannot agree with the majority that Supreme Court erred in denying that part of plaintiff's motion seeking an in camera review of the privileged documents. "While a court is not bound by the conclusory characterizations of client or counsel that the retention was for the purpose of rendering legal advice, here there is no reason to disregard the sworn statements describing the engagement as one for legal not business advice" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 379-380 [1991]). Furthermore, whereas the affidavit in *Spectrum* that asserted the privilege contained only "generalized descriptions[,] lacking identification of persons, time periods and circumstances" (*id.* at 381), the "Privilege Log" at issue here is an exhaustive compilation that lists the documents asserted to be privileged, setting forth the names of the persons to whom each document was sent and the names of the persons who reviewed each document, the date each document was sent, and a description of each document. There is no basis on this record to challenge defendants' characterization of the documents as privileged, and I thus conclude that we should follow the general rule by according Supreme Court the broad discretion necessary to supervise discovery (*see generally Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 912-913 [2001]; *Hawley v Hasgo Power Equip. Sales*, 269 AD2d 804 [2000]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.