■ RASHEEDAH MARABLE, Also Known as RASHEEDAH SOUTHALL, as Parent and Natural Guardian of R.S., an Infant, Appellant, v DANIEL J. HUGHES et al., Respondents, et al., Defendant. [830 NYS2d 686]—Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 15, 2006. The order, among other things, granted the motion of defendants Daniel J. Hughes and Deborah L. Kachelmeyer, also known as Deborah L. Hughes, for a protective order and to compel plaintiff to provide certain records to them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries sustained by her daughter as a result of her exposure to lead paint. Supreme Court properly granted the motion of Daniel J.

Hughes and Deborah L. Kachelmeyer, also known as Deborah L. Hughes (defendants), seeking, inter alia, to compel plaintiff to provide to defendants all "records and/or reports of neuropsychological or IQ testing" of her daughter prior to her daughter's examination by defendants' expert. "Absent an abuse of discretion, we will not disturb the court's control of the discovery process" (*MS Partnership v Wal-Mart Stores*, 273 AD2d 858, 858 [2000]; *see Andruszewski v Cantello*, 247 AD2d 876 [1998]), and we perceive no abuse of discretion in this case (*see generally* 22 NYCRR 202.17 [b]). Defendants have conceded that they are not seeking reports that are generated by expert witnesses within the purview of CPLR 3101 (d) (1) (i), nor does the order on appeal encompass such reports. Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.