██ PAUL A. WZONTEK, Respondent, v A&L, INC., Appellant. [877 NYS2d 561]—

Appeal from an order of the Supreme Court, Erie County

(John A. Michalek, J.), entered September 15, 2008 in a personal injury action. The order, insofar as appealed from, granted the motion of plaintiff for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and denied defendant's cross motion to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell while climbing a ladder during a bridge reconstruction project. Defendant was the general contractor on the project. Plaintiff moved for partial summary judgment on liability on the Labor Law § 240 (1) cause of action, and defendant cross-moved to dismiss the complaint based on, inter alia, plaintiff's failure to comply with discovery orders and discovery demands. We agree with defendant that Supreme Court erred in granting plaintiff's motion, but we conclude that the court properly denied defendant's cross motion. We therefore modify the order accordingly.

As defendant correctly contends, the evidence submitted by plaintiff in support of his motion raises a triable issue of fact whether his actions were the sole proximate cause of his injuries inasmuch as that evidence establishes that there were adequate safety devices available at the job site and that plaintiff chose not to use them (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Montgomery v Federal Express Corp., 4 NY3d 805 [2005]).

With respect to defendant's cross motion, we note that the record establishes that plaintiff's attorneys repeatedly failed to comply with reasonable discovery requests and court-ordered discovery and that one of plaintiff's attorneys acted improperly during plaintiff's deposition. Nevertheless, we conclude that the court neither abused nor improvidently exercised its discretion in determining that such conduct did not warrant the ultimate sanction of dismissal (see Optic Plus Enters., Ltd. v Bausch & Lomb Inc., 37 AD3d 1185, 1186-1187 [2007]; Andruszewski v Cantello, 247 AD2d 876 [1998]). Inasmuch as plaintiff's attorneys ultimately complied with all discovery requests and orders, the prejudice to defendant was remediable and dismissal is not appropriate (see generally Lipin v Bender, 84 NY2d 562, 572 [1994], rearg denied 84 NY2d 1027 [1995]). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.