# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

550

CA 14-02000

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

REBECCA LALKA, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ACA INSURANCE COMPANY, DEFENDANT-RESPONDENT.

---

LAW OFFICES OF EUGENE C. TENNEY, PLLC, BUFFALO (NATHAN C. DOCTOR OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 27, 2014. The order, insofar as appealed from, denied in part the motion of plaintiff to compel disclosure.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion to compel disclosure of those documents previously submitted to Supreme Court for in camera review and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover supplementary underinsured motorist coverage pursuant to an automobile liability insurance policy issued by defendant. Thereafter, plaintiff moved for an order compelling defendant to disclose its entire claim file or, in the alternative, to produce all documentation claimed to be privileged and/or confidential for in camera inspection. Supreme Court granted that part of the motion seeking those portions of the claim file generated before the date of commencement of the action "with the exception of those materials reviewed in camera."

We conclude that the court properly denied that part of plaintiff's motion seeking disclosure of documents in the claim file created after commencement of the action (see *Nicastro v New York Cent. Mut. Fire Ins. Co.*, 117 AD3d 1545, 1546, *lv dismissed* 24 NY3d 998; *see generally* CPLR 3101 [d] [2]). We agree with plaintiff, however, that the court abused its discretion in denying that part of her motion seeking disclosure of those documents submitted to the court for in camera review, and we therefore modify the order accordingly. "It is well settled that '[t]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of

the two indicated actions to pursue are made in the regular course of its business' " (*Nicastro*, 117 AD3d at 1546).  "Reports prepared by . . . attorneys before the decision is made to pay or reject a claim are thus not privileged and are discoverable . . . , even when those reports are 'mixed/multi-purpose' reports, motivated in part by the potential for litigation with the insured" (*Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648; *see Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 454-455, *lv dismissed* 91 NY2d 848).  Here, the documents submitted to the court for in camera review constitute multi-purpose reports motivated in part by the potential for litigation with plaintiff, but also prepared in the regular course of defendant's business in deciding whether to pay or reject plaintiff's claim, and thus plaintiff is entitled to disclosure of those documents.

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court