Rickard v New York Cent. Mut. Fire Ins. Co. (2018 NY Slip Op 06333)





Rickard v New York Cent. Mut. Fire Ins. Co.


2018 NY Slip Op 06333


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


746 CA 18-00131

[*1]KIMBERLY RICKARD, PLAINTIFF-RESPONDENT,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT. 






LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (VICTOR M. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF MICHAEL D. HOLLENBECK, BUFFALO (MICHAEL D. HOLLENBECK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered January 4, 2018. The order, insofar as appealed from, denied the motion of defendant for a protective order and granted in part the cross motion of plaintiff to compel the disclosure of defendant's claim file. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the first and second ordering paragraphs are vacated, and the motion for a protective order insofar as it seeks an in camera review is granted, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Following a motor vehicle accident in which plaintiff allegedly sustained serious physical injuries, plaintiff commenced this action to recover supplementary underinsured motorist (SUM) benefits pursuant to an automobile liability insurance policy issued by defendant. During discovery, plaintiff served upon defendant a notice to produce its entire SUM claim file. Defendant, relying upon Lalka v ACA Ins. Co. (128 AD3d 1508 [4th Dept 2015]), responded by providing plaintiff with the contents of the claim file up until the date of commencement of this action. During a pretrial conference, defendant made an offer to resolve the matter. In a follow-up letter, plaintiff demanded that defendant provide the entire claim file, including those parts generated after commencement of this action. Defendant moved for a protective order and alternative relief, including an in camera review, plaintiff cross-moved to compel disclosure of the entire claim file, and defendant filed a second motion, seeking dismissal of the complaint, which is not relevant on appeal. Supreme Court, inter alia, denied defendant's motion for a protective order and granted plaintiff's cross motion in part by directing defendant to provide plaintiff with "any and all documents in the claim file pertaining to the payment or rejection of the subject claim including those prepared after the filing of this lawsuit up to the time the settlement offer was made . . . including reports prepared by Defendant's attorney(s)." Defendant appeals.
We note at the outset that defendant did not challenge plaintiff's notice to produce, which requested the entire claim file without designating any documents or categories of documents therein, on the ground that such request was palpably improper because it was overbroad or sought matter not "material and necessary" for the prosecution of plaintiff's action (CPLR 3101 [a]; see CPLR 3120 [1], [2]; see generally Battease v State of New York, 129 AD3d 1579, 1580 [4th Dept 2015]; Heimbach v State Farm Ins., 114 AD3d 1221, 1222 [4th Dept 2014]), and that defendant's motion for a protective order was based upon the assertion that any documents contained in the claim file after the date of commencement were materials protected from discovery. Thus, the sole issue on appeal is whether defendant met its burden of establishing that those parts of the claim file withheld from discovery contain material that is protected from discovery. We conclude that defendant did not meet that burden.
To the extent that Lalka (128 AD3d at 1508) holds that any documents in a claim file created after commencement of an action in a SUM case in which there has been no denial or disclaimer of coverage are per se protected from discovery, it should not be followed. Rather, a party seeking a protective order under any of the categories of protected materials in CPLR 3101 bears "the burden of establishing any right to protection" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]; see Heimbach, 114 AD3d at 1222). " [A] court is not required to accept a party's characterization of material as privileged or confidential' " (Optic Plus Enters., Ltd. v Bausch & Lomb Inc., 37 AD3d 1185, 1186 [4th Dept 2007]). Ultimately, "resolution of the issue whether a particular document is . . . protected is necessarily a fact-specific determination . . . , most often requiring in camera review' " (id., quoting Spectrum Sys. Intl. Corp., 78 NY2d at 378).
Here, we conclude that defendant failed to meet its burden inasmuch as it relied solely upon the conclusory characterizations of its counsel that those parts of the claim file withheld from discovery contain protected material. We nonetheless further conclude that, under the circumstances of this case, the court abused its discretion by ordering the production of allegedly protected documents and instead should have granted the alternative relief requested by defendant, i.e., allowing it to create a privilege log pursuant to CPLR 3122 (b) followed by an in camera review of the subject documents by the court (see Schindler v City of New York, 134 AD3d 1013, 1014-1015 [2d Dept 2015]; Baliva v State Farm Mut. Auto. Ins. Co., 275 AD2d 1030, 1031 [4th Dept 2000]). We therefore reverse the order insofar as appealed from, vacate the first and second ordering paragraphs, grant the motion for a protective order insofar as it seeks an in camera review, and remit the matter to Supreme Court to determine the motion and the cross motion following an in camera review of the
allegedly protected documents.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court