Manner v Yancey (2023 NY Slip Op 04007)

Manner v Yancey

2023 NY Slip Op 04007

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

328 CA 22-00823

[*1]MIKAYLA H. MANNER, PLAINTIFF-RESPONDENT,
v
STEVEN A. YANCEY AND WHITE'S FARM SUPPLY, INC., DEFENDANTS-APPELLANTS. 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (RICHARD J. ZIELINSKI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GOLDBLATT & ASSOCIATES, P.C., MOHEGAN LAKE (KENNETH B. GOLDBLATT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered April 26, 2022. The order, inter alia, granted those parts of the motion of defendants seeking to compel plaintiff to submit to a defense neuropsychological examination with safeguards and for a protective order, and directed defendant to provide test materials and raw data to plaintiff's counsel. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the order directing defendants to provide the testing materials and raw data directly to plaintiff's counsel and that part of the order granting that part of defendants' motion for a protective order and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle that she was driving was struck by a flatbed tow truck operated by defendant Steven A. Yancey and owned by defendant White's Farm Supply, Inc. Plaintiff alleged, inter alia, that she suffered a concussion, post-concussion syndrome, and a traumatic brain injury as a result of the accident. In response to notice that defendants would be requesting an independent neuropsychological evaluation, plaintiff's counsel indicated that plaintiff would be produced once the parties entered into a stipulation requiring that the testing neuropsychologist provide directly to plaintiff's counsel the testing materials used during the examination and the raw data generated. Specifically, plaintiff proposed a stipulation whereby the testing materials and raw data disclosed to plaintiff's counsel would not be released to any third party other than a licensed psychologist or neuropsychologist, would not be placed in the public court file or copied, and would be returned, unaltered, to defense counsel at the conclusion of the litigation.
Defendants contacted three neuropsychologists, each of whom refused to conduct the examination under the terms outlined in the proposed stipulation. Thereafter, defendants moved, inter alia, to compel plaintiff to submit to an independent neuropsychological examination and for a protective order pursuant to CPLR 3103 directing that the data and materials be released to plaintiff's treating neuropsychologist and not directly to plaintiff's counsel. Defendants submitted the affidavits of the three neuropsychologists, each of whom averred that they would not perform an examination on plaintiff if they were required to release the testing materials and raw data directly to plaintiff's counsel.
Supreme Court granted defendants' motion to the extent that it sought to compel plaintiff to submit to an independent neuropsychological examination but ordered defendants to disclose the testing materials and raw data directly to plaintiff's counsel, subject to the safeguards set forth in plaintiff's proposed stipulation. Defendants appeal.
Defendants contend that the court abused its discretion in ordering that the testing materials and raw data be provided directly to plaintiff's counsel because the order has resulted in prejudice to defendants inasmuch as they are unable to obtain an examination subject to the conditions imposed. It is well settled that "[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion" (Giles v Yi, 105 AD3d 1313, 1315 [4th Dept 2013], mod sub nom. Hamilton v Miller, 23 NY3d 592 [2014] [internal quotation marks omitted]). The CPLR provides that the court may issue "a protective order denying, limiting, conditioning or regulating the use of any disclosure device . . . to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; see Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 730-731 [2d Dept 2011]).
Here, defendants have established that they were unable to obtain an independent neuropsychological examination under the conditions contemplated by the proposed stipulation, which have been imposed by the court. We note that several cases cited by plaintiff (see Jessica H. v Spagnolo, 41 AD3d 1261, 1263 [4th Dept 2007]; Marable v Hughes, 38 AD3d 1344, 1344-1345 [4th Dept 2007]; Anderson v Seigel, 255 AD2d 409, 410 [2d Dept 1998]; Andruszewski v Cantello, 247 AD2d 876, 876-877 [4th Dept 1998]) are distinguishable because, inter alia, in those cases the testing in question had already been conducted. Thus, under the facts and circumstances presented, we vacate that portion of the order directing defendants to provide the testing materials and raw data directly to plaintiff's counsel. In light of our determination with regard to disclosure, we conclude that defendants' request for a protective order is premature and we therefore further modify the order by vacating that part of the order granting that part of defendants' motion for a protective order. Of course, nothing in our decision precludes plaintiff from moving, after having appeared for examination, to compel the disclosure of the testing materials and raw data directly to her counsel (see Giordano, 84 AD3d at 730-731).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court