Manner v Yancey (2025 NY Slip Op 03445)

Manner v Yancey

2025 NY Slip Op 03445

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

313 CA 24-01233

[*1]MIKAYLA H. MANNER, PLAINTIFF-RESPONDENT,
v
STEVEN A. YANCEY AND WHITE'S FARM SUPPLY, INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (NICHOLAS HRICZKO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
GOLDBLATT & ASSOCIATES, P.C., MOHEGAN LAKE (KENNETH B. GOLDBLATT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Julie G. Denton, J.), entered July 8, 2024. The order, inter alia, directed defendants to provide certain materials to plaintiff's counsel and denied the motion of defendants for leave to renew their cross-motion for a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle that she was driving was struck by a truck operated by defendant Steven A. Yancey and owned by defendant White's Farm Supply, Inc. Plaintiff alleged, inter alia, that she suffered a concussion, post-concussion syndrome, and a traumatic brain injury as a result of the accident. In response to notice that defendants would be requesting an independent neuropsychological evaluation, plaintiff's counsel indicated that plaintiff would be produced once the parties entered into a stipulation requiring that the evaluating neuropsychologist provide directly to plaintiff's counsel the testing materials used during the examination and the raw data generated, with the restriction, among other things, that such materials and data would not be released to any third party other than a licensed psychologist or neuropsychologist. Defendants previously appealed from an order that, inter alia, compelled plaintiff to submit to the evaluation and ordered defendants to disclose the testing materials and raw data directly to plaintiff's counsel. Noting defendants' apparent inability to retain an evaluator under that condition of disclosure, we modified the order by vacating that part of the order directing defendants to provide the testing materials and raw data directly to plaintiff's counsel, and by vacating that part of the order granting that part of defendants' motion for a protective order (Manner v Yancey, 218 AD3d 1196, 1198 [4th Dept 2023]). In addition, we explicitly noted that "nothing in our decision preclude[d] plaintiff from moving, after having appeared for examination, to compel the disclosure of the testing materials and raw data directly to her counsel" (id.). Following our decision, plaintiff appeared for an evaluation by defendants' expert, and plaintiff subsequently moved, inter alia, to compel disclosure of the testing materials and raw data, as contemplated in our prior decision. In appeal No. 1, Supreme Court, inter alia, granted that part of plaintiff's motion seeking to compel disclosure, with specified prohibitions against sharing the testing materials and raw data with a third party, and denied defendants' cross-motion for a protective order. In appeal No. 2, the court, inter alia, modified the order in appeal No. 1 by clarifying that defendants were compelled to produce copies, as opposed to the originals, of the relevant test materials and raw data, and denied defendants' motion for leave to renew their cross-motion. Defendants appeal, and we affirm.
As an initial matter, the appeal from the order in appeal No. 1 must be dismissed [*2]inasmuch as that order was superceded by the order in appeal No. 2 (see Matter of Johnson v Johnson [appeal No. 2], 209 AD3d 1314, 1314-1315 [4th Dept 2022]; Merchant Funding Servs., LLC v Volunteer Pharm., Inc., 179 AD3d 1051, 1051 [2d Dept 2020]).
With respect to appeal No. 2, it is well settled that "[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion" (Manner, 218 AD3d at 1197 [internal quotation marks omitted]; see Crysler v Erk [appeal No. 2], 227 AD3d 1410, 1412 [4th Dept 2024]). Under the circumstances of this case, we perceive no abuse of discretion either in granting that part of plaintiff's motion seeking to compel disclosure or in denying defendants' cross-motion for a protective order (see Marable v Hughes, 38 AD3d 1344, 1345 [4th Dept 2007]; see generally M.A. v Spring, 221 AD3d 433, 433 [1st Dept 2023]; Flores v Vescera, 105 AD3d 1340, 1340-1341 [4th Dept 2013]).
We have reviewed defendants' remaining contentions, and conclude that they do not warrant modification or reversal of the order.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court