Kelly v Snap-on Inc.
2026 NY Slip Op 03567
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

TAMMY L. KELLY AND MICHELLE MOUDY, AS GUARDIANS OF THE PERSON AND PROPERTY OF JOHN M. MOUDY, PLAINTIFFS-RESPONDENTS,
v
SNAP-ON INCORPORATED, SNAP-ON TOOLS COMPANY, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
354 CA 25-00993
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

BURDEN & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered January 10, 2025. The order, among other things, directed that certain records be disclosed, with the exception of Medicaid billing records.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs Tammy L. Kelly and Michelle Moudy, as guardians of the person and property of John M. Moudy (Moudy), commenced this action seeking damages for injuries that Moudy sustained in a motor vehicle accident, which allegedly resulted in Moudy suffering from severe physical and cognitive deficits. Defendants Snap-on Incorporated and Snap-on Tools Company, LLC (collectively, defendants) appeal from an order of Supreme Court that denied the part of defendants' motion seeking to compel plaintiffs to produce Moudy's Medicaid billing records following the court's in camera inspection of the requested records. We affirm.
At the outset, we note that defendants' contention that the Medicaid billing records are not privileged was raised for the first time on appeal and is thus not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). With respect to defendants' preserved contention, we conclude that the court did not abuse its discretion in denying the motion to the extent that it sought an order compelling plaintiffs to produce the Medicaid billing records. "[T]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Sanabria v SJ Trans, Inc., 238 AD3d 1502, 1502-1503 [4th Dept 2025] [internal quotation marks omitted]; see Crysler v Erk [appeal No. 2], 227 AD3d 1410, 1412 [4th Dept 2024]; Manner v Yancey, 218 AD3d 1196, 1197 [4th Dept 2023]).
Here, defendants moved to compel disclosure of, inter alia, Moudy's pre-accident medical, mental health, and substance abuse treatment records, including the Medicaid billing records. Following an in camera review of the requested records, the court granted the motion insofar as it sought disclosure of most of the records identified, but it denied defendants' motion to the extent that it sought disclosure of Moudy's Medicaid billing records. The court's determination to deny defendants' motion with respect to disclosure of the Medicaid billing records after reviewing them in camera "falls comfortably within the court's broad discretion to control discovery" (Sims v Reyes, 195 AD3d 133, 137 [4th Dept 2021] [internal quotation marks omitted]; see generally Barnes v Habuda, 118 AD3d 1443, 1444 [4th Dept 2014]), and we [*2]perceive no abuse of the court's discretion in that regard (see generally Manner v Yancey, 239 AD3d 1322, 1324 [4th Dept 2025]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court