■ JAMES MUGAN, Respondent, v MAUREEN MUGAN, Appellant.—In an action for divorce, the defendant appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated February 29, 1988, which denied her separate motions for sanctions pursuant to CPLR 3126 and for leave to amend her answer so as to interpose a counterclaim for divorce.

Ordered that the order is affirmed, with costs.

This action for divorce pursuant to Domestic Relations Law § 170 (5), in which the defendant's answer interposed only a denial of the plaintiff's allegation that he complied with a 1972 judgment of separation, has been pending since 1981. It was stricken from the Trial Calendar in 1983, and, since its restoration, has been adjourned at least 15 times. On the final trial date, in response to the plaintiff's announcement that he was not ready to proceed, the Supreme Court dismissed the complaint. It also subsequently denied the defendant's motion, brought by order to show cause issued one day before the final trial date, for leave to amend her answer to include a counterclaim for divorce pursuant to Domestic Relations Law § 170 (5). That ruling rendered moot the defendant's application, brought by order to show cause issued four days before the final trial date, for an order imposing sanctions on account of the plaintiff's claimed failure to comply with 1987 disclosure demands.

The defendant offered no plausible excuse for her failure during the lengthy pendency of this litigation to earlier seek leave to amend her pleading. Under the circumstances of this case, we cannot say that Supreme Court improvidently exercised its discretion when it denied the motions. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.