■ VICTORIA PARISELLA et al., Appellants-Respondents, v · TOWN OF FISHKILL et al., Respondents, and SOUR MOUNTAIN REALTY, INC., et al., Respondents-Appellants. [688 NYS2d 694] —In a hybrid action for a judgment declaring that Local Laws, 1993, No. 4 of the Town of Fishkill is invalid and a proceeding pursuant to CPLR article 78 to enjoin the defendants Sour Mountain Realty, Inc., and Southern Dutchess Sand and Gravel, Inc., from using their property for any use not permitted in an R-40 and R-4A residential zone, (1) the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), entered December 9, 1997, as (a) denied their motion for partial summary judgment dismissing the counterclaim against them, (b) upon their subsequent motion for summary judgment, declared the Local Law to be valid and dismissed their hybrid action and proceeding, and (c) granted that branch of the aforementioned defendants' motion which was to compel discovery on the counterclaim, and (2) the defendants Sour Mountain Realty, Inc., and Southern Dutchess Sand and Gravel, Inc., cross-appeal from so much of the same order and judgment as denied that branch of their motion which was for an award of attorneys' fees and disbursements.

Ordered that the appeal from so much of the order and judgment as denied the motion by the plaintiffs to dismiss the counterclaim against them and granted that branch of the motion of the defendants Sour Mountain Realty, Inc., and Southern Dutchess Sand and Gravel, Inc., which was to compel discovery on the counterclaim is dismissed as academic; and it is further,

Ordered that the order and judgment is reversed insofar as reviewed on the appeal of the plaintiffs, the plaintiffs' motion for summary judgment is granted, it is declared that Local Laws, 1993, No. 4, of the Town of Fishkill is void and unenforceable, and the defendants Sour Mountain Realty, Inc., and Southern Dutchess Sand and Gravel, Inc., are enjoined from using their property for any use not permitted in an R-40 and R-4A residential zone; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

As a result of an order of the Supreme Court, Dutchess County, dated January 19, 1999 [179 Misc 2d 430], which granted the plaintiffs' renewed motion to dismiss the counterclaim against them, the appeal from so much of the order and judgment entered December 9, 1997, as denied the motion by the plaintiffs to dismiss the counterclaim against them and granted that branch of the motion of the defendants Sour Mountain Realty, Inc. (hereinafter Sour Mountain), and Southern Dutchess Sand and Gravel, Inc. (hereinafter Southern Dutchess), to compel discovery on that counterclaim is dismissed as academic.

In light of this Court's decision and order in *Matter of Scenic Hudson v Town of Fishkill Town Bd.* (258 AD2d 654), which declared Local Laws, 1993, No. 4 of the Town of Fishkill to be void and unenforceable, the plaintiffs' motion for summary judgment on the action seeking a judgment declaring that Local Law to be invalid is granted. As a result, Sour Mountain and Southern Dutchess are enjoined from using their property for any use not permitted in an R-40 and R-4A residential zone.

Moreover, the court properly denied that branch of the motion of Sour Mountain and Southern Dutchess which was for an award of attorneys' fees and disbursements (*see, Matter of Kernisan v Taylor,* 171 AD2d 869). Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.