DAVID KOPIN et al., Appellants, v WAL-MART STORES, INC., Respondent. (Appeal No. 1.) [750 NYS2d 379] —Appeal from so much of an order of Supreme Court, Monroe County (Barry, J.), entered February 7, 2001, that granted defendant's oral application for an order of confidentiality.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the application is denied.

Memorandum: Supreme Court properly exercised its discretion in granting plaintiffs' cross motion to strike defendant's answer based upon defendant's failure to comply with court-ordered disclosure and in denying that portion of the motion of defendant seeking renewal of part of its prior motion for a protective order. The failure of defendant "to comply with two court orders directing disclosure, and its protracted delay in providing a partial response to the plaintiff[s'] discovery demands, which were not adequately explained by the additional facts submitted on renewal, supported an inference that its failure to provide disclosure was willful and contuma-

cious" (*Emanuel v Broadway Mall Props.,* 293 AD2d 708, 709; *see Osterhoudt v Wal-Mart Stores,* 273 AD2d 673, 674-675). Further, the motion of defendant insofar as it sought renewal of part of its prior motion for a protective order was not based on new facts unavailable at the time of the original motion. Thus, the subsequent motion was one for reargument, the denial of which is not appealable (*see Quinn v Menzel,* 282 AD2d 513). The striking of defendant's answer renders moot the appeal and cross appeal from the conditional order compelling disclosure and denying defendant's motion for a protective order (*see e.g. Colton, Hartnick, Yamin & Sheresky v Feinberg,* 261 AD2d 238; *see also Parisella v Town of Fishkill,* 260 AD2d 620, 621; *Mugan v Mugan,* 145 AD2d 418). Finally, the court erred in granting defendant's oral application for an order of confidentiality. Nothing in the record establishes defendant's entitlement to such an order (*see New York State Elec. & Gas Co. v Lexington Ins. Co.,* 160 AD2d 261; *cf. McLaughlin v G.D. Searle, Inc.,* 38 AD2d 810, 811). Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.