■ CAROL DICKSTEIN et al., Appellants, v MICHAEL DOGALI, Defendant, and HOSPITAL FOR JOINT DISEASES, Respondent. [757 NYS2d 63] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated December 7, 2001, as, upon reargument, granted the motion of the defendant Hospital for Joint Diseases for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for leave to amend their bill of particulars.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the first cause of action alleging medical malpractice and the third cause of action alleging loss of consortium and substituting therefor a provision denying those branches of the motion, and (2) deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in dismissing the first cause of action alleging medical malpractice and the third cause of action alleging loss of consortium since the defendant Hospital for Joint Diseases (hereinafter the Hospital) failed to meet its burden of establishing, as a matter of law, that it was not vicariously liable for the conduct of the defendant Dr. Michael Dogali in providing postoperative care to the injured plaintiff (*see Kavanaugh v Nussbaum,* 71 NY2d 535 [1988]; *Hill v St. Clare's Hosp.,* 67 NY2d 72 [1986]; *Connell v Hayden,* 83 AD2d 30 [1981]; *Graddy v New York Med. Coll.,* 19 AD2d 426 [1963]).

Summary judgment was properly granted to the Hospital dismissing the second cause of action alleging medical malpractice based on lack of informed consent. In response to the Hospital's demonstration of its entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the Hospital failed to disclose information necessary to make a knowledgeable evaluation and whether a reasonably prudent person in the patient's position would not have undergone the procedure if he or she had been fully informed (*see* Public Health Law 2805-d; *Faulknor v Shnayerson,* 273 AD2d 271 [2000]; *Dunlop v Sivaraman,* 272 AD2d 570 [2000]; *Evans v Holleran,* 198 AD2d 472 [1993]).

The Supreme Court erred in denying the plaintiffs' cross motion for leave to amend their bill of particulars by enlarging the date of the alleged negligence from September 14, 1994, to a period of days spanning from September 14, 1994, to October 6, 1994. Other portions of the bill of particulars clearly gave notice to the Hospital that the alleged acts of negligence occurred during that period of time when the injured plaintiff was receiving her postoperative care at the Hospital (*see Tate v Colabello,* 58 NY2d 84 [1983]; *Perricone v City of New York,* 96 AD2d 531 [1983], *affd* 62 NY2d 661 [1984]; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856 [1974]). Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.