■ Frances Moog et al., Appellants, v City of New York, Defendant, and State Island University Hospital et al., Respondents. [820 NYS2d 593]—

In a consolidated action, inter alia, to recover damages for negligence and wrongful death, etc., the plaintiffs appeal, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated May 12, 2005, as denied those branches of their motion which were pursuant to CPLR 3126 to strike the answers of the defendants Staten Island University Hospital and Thyssenkrupp Elevator Corp., doing business as Thyssen Dover Elevator.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was to strike the answer of the defendant Staten Island University Hospital and substituting therefor a provision granting that branch of the motion to the extent that the defendant Staten Island University Hospital is precluded from offering evidence at trial that its employees attempted to open the elevator door at the time of the incident and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

"To invoke the drastic remedy of preclusion, the Supreme Court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004] [internal

quotation marks omitted]; *see Pryzant v City of New York,* 300 AD2d 383 [2002]). Here, the defendant Staten Island University Hospital (hereinafter the hospital) repeatedly failed to comply with discovery directives. Moreover, it stated that the requested information had been fully disclosed when, in fact, it possessed additional relevant material which was not produced until more than three years after it was requested. Although this conduct does not warrant striking the hospital's answer, under the circumstances, the hospital's conduct was sufficient to warrant preclusion (*see Kelleher v Mt. Kisco Med. Group,* 264 AD2d 760, 761 [1999]; *Maillard v Maillard,* 243 AD2d 448, 449 [1997]). The willful and contumacious character of the hospital's failure to respond to discovery demands can be inferred from its repeated failure to comply with the court's orders and inadequate excuses for the failure to comply (*see Sowerby v Camarda,* 20 AD3d 411 [2005]; *Pryzant v City of New York, supra; cf. Lombardo v St. Francis Hosp. Rehabilitation Servs.,* 16 AD3d 385, 386 [2005]).

The plaintiffs' remaining contention is without merit.

Motion by the appellants on an appeal from an order of the Supreme Court, Richmond County, dated May 12, 2005, inter alia, for leave to reargue that branch of their prior motion which was to strike the respondents' replacement brief on the ground that it refers to matter dehors the record, which was determined by decision and order on motion of this Court dated December 2, 2005. By decision and order on motion of this Court dated February 21, 2006, that branch of the motion which is for leave to reargue that branch of the prior motion which was to strike the respondent's replacement brief was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, and the submission of the appeal, it is

Ordered that the branch of the motion which is for leave to reargue the branch of the prior motion which was to strike the respondents' replacement brief on the ground that it refers to matter dehors the record is granted, upon reargument, that branch of the prior motion which was to strike the respondents' replacement brief is granted, so much of the decision and order on motion of this Court dated December 2, 2005, as denied that branch of the prior motion which was to strike the respondents' replacement brief is vacated, and the respondents' replacement brief is stricken and has not been considered upon the determination of the appeal; and it is further,

Ordered that on the Court's own motion, the appellants' reply brief is stricken in light of our determination striking the respondents' replacement brief. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.