■ NADINE M. GETTY, Appellant, v AMY ZIMMERMAN et al., Defendants, and MARK J. KNOERL, Respondent. [830 NYS2d 409]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 1, 2006 in a personal injury action. The order, among other things, granted the motion of defendant Mark J. Knoerl to preclude plaintiff from offering certain evidence at trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a multivehicle accident on January 9, 2004. After plaintiff failed to provide authorizations requested by Mark J. Knoerl (defendant) to enable him to obtain plaintiff's employment records, defendant cross-moved for, inter alia, an order compelling plaintiff to provide employment authorizations "for the three years prior to this incident." Supreme Court granted the cross motion in part, ordering plaintiff, inter alia, to provide defendant with "the *requested* authorizations" (emphasis added). Plaintiff, however, provided defendant with an authorization permitting him to obtain employment records "FROM 1/9/2003 & SUBSEQUENT," and plaintiff did not respond to defendant's two additional requests for the court-ordered authorizations.

We conclude that the court did not abuse its discretion in granting defendant's subsequent preclusion motion, ordering that plaintiff "is precluded from offering evidence at trial with respect to claims of past or future lost wages[,] . . . past or future disability from employment activities and any matters related to plaintiff's employment." Contrary to plaintiff's contention, the prior order directing plaintiff to provide the requested authorizations, i.e., for the three years prior to the incident, is clear and unambiguous. The incident occurred on January 9, 2004 and, in providing authorizations commencing from January 9, 2003, plaintiff failed to comply with the prior order.

It is well settled that "[t]rial courts have broad discretion in supervising disclosure . . . and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (*Andruszewski v Cantello*, 247 AD2d 876, 876 [1998]; *see Xerox Corp. v Town of Webster*, 206 AD2d 935 [1994]). Where a defendant establishes that a plaintiff's failure to comply with a discovery order is willful and contumacious, an order of preclusion is appropriate (*see Campbell v Obear*, 26 AD3d 877 [2006]; *see also Moog v City of New York*, 30 AD3d 490, 491 [2006]). Here, the willful and contumacious nature of the

conduct of plaintiff may be inferred from her failure to comply with the court's order and her inadequate excuses for that failure (*see Moog*, 30 AD3d at 491; *Leone v Esposito*, 299 AD2d 930, 931 [2002], *lv dismissed* 99 NY2d 611 [2003]; *see also Dolny v Dolny*, 32 AD3d 818 [2006]).

Contrary to plaintiff's further contention, "the court properly 'impose[d] a sanction commensurate with the particular disobedience [the sanction was] designed to punish, and [went] no further' " (*Matter of Arcidino v McCarthy*, 16 AD3d 1132, 1133 [2005], quoting *Matter of Landrigen v Landrigen*, 173 AD2d 1011, 1012 [1991]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.