In an action, inter alia, to recover damages for wrongful death resulting from medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, J.), entered April 17, 2007, as granted the defendants’ separate cross motions to preclude him from adducing expert witness testimony at trial and, upon preclusion, directed the dismissal of the complaint.
*498 Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the defendants’ separate cross motions are denied.
The plaintiff, as administrator of his late wife’s estate, commenced the instant litigation in July 1999 against the defendants Georgia Calleja and St. John’s Episcopal Hospital (hereinafter the hospital), inter alia, to recover damages for his wife’s wrongful death, resulting from alleged medical malpractice. Contemporaneous with their answers, served in 1999, both defendants requested expert witness disclosure from the plaintiff, which the plaintiff never provided. The preliminary conference was not held until 2005, and during several conferences thereafter, the Supreme Court directed the plaintiff to provide outstanding discovery, with a final date for disclosure ultimately extended to February 5, 2007, and a trial date scheduled for April 12, 2007. The plaintiff failed to disclose his expert witness information, asserting that before he could do so, his expert required additional information. In March 2007 the plaintiff moved to strike the hospital’s answer for failing to provide certain discovery and appear for a deposition. The hospital opposed the motion, and both it and Calleja separately cross-moved to preclude the plaintiff from submitting expert witness testimony and, upon preclusion, to dismiss the complaint.
The Supreme Court denied the plaintiff’s motion, granted the defendants’ separate cross motions, and directed dismissal of the complaint. As limited by his brief, the plaintiff appeals only from so much of the order as granted the defendants’ separate cross motions. We reverse the order insofar as appealed from.
To warrant preclusion, “the Supreme Court must determine that the offending party’s lack of cooperation with disclosure was willful, deliberate, and contumacious” (Assael v Metropolitan Tr. Auth., 4 AD3d 443, 443 [2004] [internal quotation marks omitted]; see CPLR 3126 [2]; Moog v City of New York, 30 AD3d 490 [2006]). Such conduct may be found where, for example, a party repeatedly fails to comply with court orders directing it to produce certain discovery without adequate excuses therefor (see CPLR 3126; CDJ Corp. v Commodore Mfg. Corp., 50 AD3d 1084 [2008]; Trataros Constr., Inc. v New York City School Constr. Auth., 46 AD3d 872 [2007]; Reid v Schoenthal, 288 AD2d 203 [2001]).
The defendants failed to establish that the plaintiffs failure to submit expert witness information was willful or contumacious. The Supreme Court’s initial deadline for the disclosure of expert witness information was originally set, during a Febru *499 ary 2005 preliminary conference, for March 8, 2005, and in subsequent conferences, the plaintiffs deadline was extended to January 15, 2007. Thereafter, during a conference on January 25, 2007 the court again extended the plaintiffs time to serve expert witness disclosure to February 5, 2007, and set a trial date of April 12, 2007. The plaintiff asserts that he did not meet the deadlines because he needed additional information. Specifically, his expert requested that his decedent’s “CT scan be reviewed by a board-certified radiologist to see if there was any evidence of small bowel obstruction or ischemia of the terminal ileum” and that the emergency room physicians and surgeons who treated the decedent at the hospital between August 8, 1997 and August 10, 1997, be deposed “to get a better assessment of [decedent’s] clinical course and treatment.” In essence, the plaintiff contends that without such a review of the CT and the requested depositions, he could not provide “the substance of the facts and opinions on which [his] expert is expected to testify” (CPLR 3101 [d] [1] [i]). Significantly, the hospital did not provide a list of the names of its personnel who treated the decedent between August 8, 1997 and August 10, 1997 until March 22, 2007, which was five months after the plaintiff requested such information and several weeks after the plaintiffs deadline to disclose his expert witness information. Thus, the plaintiff could not have deposed a hospital witness before the discovery disclosure deadline of February 5, 2007. On this record, it cannot be said that the plaintiffs failure to disclose the expert witness information was willful or contumacious. Rather, the facts demonstrate that the plaintiff required additional information before he could make his expert witness disclosure pursuant to CPLR 3101 (d) (see Vago v Kaylyakov, 36 AD3d 687, 689 [2007]; Assael v Metropolitan Tr. Auth., 4 AD3d at 443-444; cf Moog v City of New York, 30 AD3d at 491).
Calleja’s remaining contention is without merit. Spolzino, J.E, Florio, McCarthy and Dickerson, JJ, concur.