■ Marvin Staten, an Infant, by His Parent and Natural Guardian, Cassandra Dozier, et al., Plaintiffs, v City of New York et al., Respondents, and Camp Chen-A-Wanda, Inc., Appellant, et al., Defendants. [935 NYS2d 80]—

The infant plaintiff, along with his mother, suing derivatively, commenced this action against, among others, the defendants New York City Department of Education (hereinafter the DOE), City of New York (hereinafter the City), Camp Chen-A-Wanda, Inc. (hereinafter the Camp), and a fellow student who was on the infant plaintiff's high school football team (hereinafter the defendant student). The plaintiffs seek to recover damages for injuries the infant plaintiff allegedly sustained on August 25, 2007, when he was at the Camp with his high school football team. Allegedly, the defendant student caused a cabin window to shatter when the infant plaintiff's face was near it. The plaintiffs allege, inter alia, that the DOE, the City, and the Camp were negligent in failing to properly supervise the infants in their charge. Prior to joinder of issue, the Camp moved pursuant to CPLR 3124 to compel the DOE to disclose any information it had pertaining to disciplinary or other actions taken by the high school against the defendant student as a result of the incident, as well as any other disciplinary records concerning that student while he was a member of the football team. Following an in-camera review of the material sought to be disclosed, the Supreme Court denied the Camp's motion on the basis that such information was not material or necessary to the prosecution of the action. The Camp appeals. We modify.

"While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *see Lewis v John*, 87 AD3d 564 [2011]).

Generally, schools are "under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). In its motion to compel, the Camp contended that it was entitled to discovery of any disciplinary records relating to the defendant student that were in the DOE's possession because such records were relevant to the issue of whether the DOE or the City had prior knowledge of behavioral issues regarding the defendant student, but failed to take reasonable precautions to prevent the incident (*see McLeod v City of New York*, 32 AD3d 907 [2006]). The Camp argued, in essence, that discovery of such records was relevant to identifying which defendant was at fault for the incident, and thus, was material and necessary to the Camp's defense in this action.

The Supreme Court improvidently exercised its discretion in precluding the disclosure of certain evidence that was relevant to the parties' potential liability. Specifically, disclosure of the document labeled exhibit C, a letter by the high school's principal regarding any disciplinary action taken by the high school as a result of the incident, should be disclosed, since it is material and necessary to the issue of liability. Further, there were records of prior incidents involving the defendant student's behavior, labeled as exhibit B. One portion of the disciplinary records of the defendant student contained in exhibit B is material and necessary to the Camp's defense, that portion being the entry dated February 14, 2006. This portion of exhibit B is relevant to the issue of whether school officials had actual or constructive notice of prior conduct similar to that which occurred at the Camp and which could constitute a basis for imposing liability (*see Mirand v City of New York*, 84 NY2d at 49; *Doe v Department of Educ. of City of N.Y.*, 54 AD3d 352, 353 [2008]; *Culbert v City of New York*, 254 AD2d 385, 388 [1998]). To the extent that the February 14, 2006, entry contains the name of a nonparty student, that name shall be redacted prior to disclosure.

Lastly, while the material is subject to the Family Educational Rights and Privacy Act of 1974 (20 USC § 1232g) (*see generally United States v Miami Univ.*, 91 F Supp 2d 1132, 1134 [2000], *affd* 294 F3d 797 [2002]), commonly referred to as the "Buckley Amendment," that statute is not violated when disclosure is furnished via a judicial order (*see* 20 USC § 1232g [b] [2]). Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.