Order, Supreme Court, New York County (Martin Shulman, J.), entered May 6, 2011, which, to the extent appealed from, upon renewal, granted defendants’ motion for summary judgment dismissing the complaint, and denied plaintiffs motion for recusal, unanimously affirmed, without costs.
In support of their motion for renewal, defendants submitted third-party defendant Ulster Heights Lake, Inc.’s answer to the *654 third-party complaint, in which the lakefront homeowner’s association admitted that it owned the beach property where plaintiff fell and was injured. This new fact was not offered on the prior motion because Ulster Heights did not serve its answer until after the court’s prior determination was issued (see CPLR 2221 [e]).
The fact that Ulster Heights, and not defendants, owned the beach, coupled with the testimony of defendant Parzoch, the owner of defendant Mountain Lake Camp Resort Inc., that Ulster Heights managed the lake and controlled access to it, that he did not maintain, manage or inspect the beach, that he had no obligation to do so, and that Mountain Lake never told its guests that it maintained the beach, establishes prima facie that defendants had no duty to plaintiff to maintain the beach (see Lopez v Allied Amusement Shows, Inc., 83 AD3d 519 [1st Dept 2011]). In any event, there is no evidence that defendants created the condition complained of or had notice of it, and no evidence, contrary to plaintiffs contention, that the condition resulted from any negligence on their part in maintaining the beach gratuitously (see Darby v Compagnie Natl. Air France, 96 NY2d 343 [2001]; Garner v City of New York, 6 AD3d 387 [2d Dept 2004], lv denied 3 NY3d 609 [2004]).
In opposition, plaintiff failed to raise a triable issue whether defendants either owned or had a possessory interest in the beach, or had assumed a formal obligation to maintain it, or made special use of it (see Poirier v City of Schenectady, 85 NY2d 310, 314-315 [1995]).
Nothing in the record suggests that the motion court’s “impartiality might reasonably be questioned” (see 22 NYCRR 100.3 [E] [1]). Plaintiff did not move for recusal until after the court had ruled against her (see Glatzer v Bear, Steams & Co., Inc., 95 AD3d 707 [1st Dept 2012]), and the ruling reflects no bias against her (see Matter of Anderson v Harris, 73 AD3d 456, 458 [1st Dept 2010]). We reject plaintiffs complaints about the courts actions.
Concur—Andrias, J.R, Saxe, DeGrasse, Richter and Gische, JJ.