Centra, J.E, and Sconiers, J.
(dissenting in part). We respectfully dissent in part because we cannot agree with the majority’s conclusion that this is an appropriate case in which to substitute our discretion for that of Supreme Court with respect to plaintiffs’ late and even almost eve of trial disclosure of an entirely new products liability expert and a second amended disclosure for their previously disclosed liability expert, both of which proffer new liability theories (see Daniels v Rumsey, 111 AD3d 1408, 1409 [2013]). We agree with the majority, however, with respect to the preclusion of plaintiffs’ damages expert and we would therefore modify the order accordingly.
By stipulated order, the parties agreed to complete expert disclosure in 2009. Based at least in part on an amended expert disclosure dated May 4, 2010, plaintiffs were granted leave to amend their complaint in July 2010, which changed the theory of liability in response to defendants’ motion for summary judgment. The court’s order granting leave to amend was affirmed by this Court in 2011 (Smalley v Harley-Davidson Motor Co., Inc., 82 AD3d 1662, 1662 [2011]). In 2012, as the parties prepared for trial, the court sent a letter advising the parties of the court’s schedule, but noting that any prior scheduling order controlled. The court advised the parties in November 2012 that the trial would no longer be bifurcated. In January 2013, approximately a month and a half before trial, plaintiffs disclosed, inter alia, a new products liability expert, who espoused a new theory of liability, and an amended disclosure with respect to another liability expert.
The “trial court has ‘the inherent power ... to control its own calendar’ ” (People v Thompson, 59 AD3d 1115, 1117 [2009], lv denied 12 NY3d 860 [2009]; see Headley v Noto, 22 *1371 NY2d 1, 4 [1968], rearg denied 22 NY2d 973 [1968]; Matter of Grisi v Shainswit, 119 AD2d 418, 421 [1986]). Generally, “ ‘[a]bsent an abuse of discretion, we will not disturb the court’s control of the discovery process’ ” (Marable v Hughes, 38 AD3d 1344, 1345 [2007]; see Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo, 105 AD3d 1460, 1464 [2013]). Under the circumstances of this case, we conclude that the court properly exercised its discretion in precluding the new products liability expert and striking any proof based on the new and amended expert disclosure relating to liability (see Getty v Zimmerman, 37 AD3d 1095, 1096 [2007]; cf. Tung Wa Ma v New York City Tr. Auth., 113 AD3d 839, 839-840 [2014]; Castor Petroleum, Ltd. v Petroterminal de Panama, S.A., 90 AD3d 424, 424 [2011]). “[T]he willful and contumacious nature of [plaintiffs’] conduct . . . may be inferred from [their] failure to comply with the court’s order and [their] inadequate excuses for that failure” (Getty, 37 AD3d at 1096-1097; see Vatel v City of New York, 208 AD2d 524, 525 [1994]). Moreover, defendants established that they would be prejudiced by plaintiffs’ late disclosure (see Atkinson v Golub Corp. Co., 278 AD2d 905, 906 [2000]; cf. Tronolone v Praxair, Inc., 39 AD3d 1146, 1147 [2007]).
Present — Centra, J.E, Fahey, Lindley, Sconiers and Whalen, JJ.