■ GEORGIA DIMOULAS et al., Appellants, v JAVIER ROCA, M.D., et al., Respondents, et al., Defendants. [993 NYS2d 26]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), entered January 16, 2013, which granted the motion of the defendants New York Hospital Queens and Sidney Obas to conditionally preclude them from introducing, at trial, evidence of the neurological injuries sustained by the plaintiff Georgia Dimoulas and for the imposition of sanctions against her pursuant to 22 NYCRR 130-1.1 (a) unless she appeared for a neuropsychological examination, as set forth in a so-ordered stipulation dated November 1, 2012, and (2) an order of the same court entered March 11, 2013, which denied their motion, in effect, for the plaintiff Georgia Dimoulas to comply with the so-ordered stipulation by appearing for the neuropsychological examination, and for leave to amend their bill of particulars.

Ordered that the orders are reversed, on the law, on the facts, and in the exercise of discretion, with one bill of costs to the plaintiffs, payable by the respondents appearing separately and filing separate briefs, the motion of the defendants New York Hospital Queens and Sidney Obas to conditionally preclude the plaintiffs from introducing, at trial, evidence of the neurological injuries sustained by the plaintiff Georgia Dimoulas and for the imposition of sanctions against her pursuant to 22 NYCRR 130-1.1 (a) unless she appeared for a neuropsychological examination, as set forth in a so-ordered stipulation dated November 1, 2012, is denied, the plaintiffs' motion, in effect, for an extension of time for the plaintiff Georgia Dimoulas to comply with the so-ordered stipulation by appearing for the neuropsychological examination, and for leave to amend their bill of particulars, is granted, and the plaintiffs' time to schedule the examination of the plaintiff Georgia Dimoulas and to serve an amended bill of particulars is extended until 60 days after service upon the plaintiffs of a copy of this decision and order.

The injured plaintiff, Georgia Dimoulas, appeared on October 8, 2012, with her attorney for a neuropsychological examination that was to be conducted by a physician retained jointly by New York Hospital Medical Center Queens, sued herein as New York Hospital Queens, and the defendant Sidney Obas, a physician's assistant (hereinafter together the hospital defendants). However, the examination was terminated early when the retained physician would not allow the plaintiffs' attorney to

audiotape the examination. While the hospital defendants' subsequent motion to preclude the plaintiffs from offering any evidence of her neurological injuries and for the imposition of sanctions was pending, the parties entered into a so-ordered stipulation dated November 1, 2012, pursuant to which the plaintiff was directed to appear for a second time at an examination no later than January 7, 2013.

In an order dated January 7, 2013, and entered January 16, 2013, the Supreme Court conditionally granted the hospital defendants' motion unless the injured plaintiff appeared for an examination, as set forth in the so-ordered stipulation dated November 1, 2012—that is, on January 7, 2013, the same date as the order. The plaintiffs moved for an extension of time for the injured plaintiff to comply with the so-ordered stipulation by appearing for a neuropsychological examination, and for leave to amend the bill of particulars. In an order entered March 11, 2013, the Supreme Court denied the plaintiffs' motion.

"The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty to be imposed under CPLR 3126" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012] [citation omitted]; *see Roug Kang Wang v Chien-Tsang Lin*, 94 AD3d 850 [2012]). However, "before a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210; *Moog v City of New York*, 30 AD3d 490, 490 [2006]). Here, the Supreme Court improvidently exercised its discretion in granting that branch of the hospital defendants' motion which was to conditionally preclude the plaintiffs from introducing evidence of the injured plaintiff's neurological injuries, since there was no clear showing that the injured plaintiff had willfully and contumaciously failed to appear for a neuropsychological examination. Moreover, under the circumstances of this case, it cannot be said that the conduct of the plaintiffs or their attorney warranted the imposition of sanctions.

Furthermore, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for an extension of time for the injured plaintiff to comply with the stipulation dated November 1, 2012, by appearing for a neuropsychological examination, since the plaintiffs demonstrated a reasonable excuse for the inability of the injured plaintiff to appear for an examination on or before the date

designated in the stipulation, as well as the existence of a potentially meritorious cause of action. However, contrary to the plaintiffs' contentions, they failed to establish the existence of such special and unusual circumstances that would warrant the audiotaping of the examination (*see Cooper v McInnes*, 112 AD3d 1120 [2013]; *Savarese v Yonkers Motors Corp.*, 205 AD2d 463 [1994]).

The plaintiffs sought leave to amend their bill of particulars so as to slightly revise the dates and times during which the hospital defendants and the defendant physician Javier Roca allegedly engaged in conduct that constituted medical malpractice. "Generally, in the absence of prejudice or surprise to the opposing party, leave to amend a bill of particulars should be freely granted unless 'the proposed amendment is palpably insufficient or patently devoid of merit' " (*Rodgers v New York City Tr. Auth.*, 109 AD3d 535, 536 [2013], quoting *Delahaye v Saint Anns School*, 40 AD3d 679, 684-685 [2007]). Where there is an unreasonable delay in seeking leave to amend, without excuse, and the motion for leave to amend is made close to or on the eve of trial, it is an improvident exercise of discretion to grant the relief (*see Navarette v Alexiades*, 50 AD3d 869 [2008]). However, lateness alone is "not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side" (*Worthen-Caldwell v Special Touch Home Care Servs., Inc.*, 78 AD3d 822, 823 [2010]). In this case, the proposed amendment was first sought in September 2011. Since the hospital defendants and Roca were aware of the plaintiffs' allegations well before the eve of trial, they were not prejudiced by the amendment. Under the totality of the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to amend the bill of particulars (*see Dickstein v Dogali*, 303 AD2d 443 [2003]). Dillon, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.