■ DAVID S. GOULD et al., Appellants, v JOSEPH DECOLATOR et al., Respondents. [15 NYS3d 138]—

In an action, inter alia, to recover legal fees, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated July 31, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3124 to compel them to provide further responses to the defendants' notices for discovery and inspection and interrogatories to the extent of directing them to amplify responses to certain items, granted that branch of their cross motion which was pursuant to CPLR 3124 to compel the defendants to provide further responses to their notice for discovery and inspection only to the extent of directing that the defendants serve additional responses to item 4 and otherwise denied that branch of their cross motion, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3103 to preclude them from permitting certain nonpar-

ties, including their disqualified attorney, from attending the depositions in the matter.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was to compel the defendants to serve a further response to item 5 of the plaintiffs' notice for discovery and inspection, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On December 8, 2011, the plaintiffs commenced this action against the defendant Decolator, Cohen & DiPrisco, LLP (hereinafter DCD), and its partners, Joseph Decolator, Neil Cohen, and Dominic DiPrisco. The complaint alleged, inter alia, that the plaintiff David S. Gould (hereinafter Gould) represented DCD in litigation against the law firms of Lysaght, Lysaght and Kramer (hereinafter LLK) and Trager, Cronin and Byczek (hereinafter TCB) from 1998 to 2007. The plaintiffs further alleged that Gould was not paid for any of the work he performed in connection with either the LLK litigation or the TCB litigation between 2002 and 2007. In an order dated September 18, 2012, the Supreme Court directed the dismissal of the complaint, save for the cause of action sounding in quantum meruit. Based on the applicable statute of limitations, the court limited the plaintiffs' recovery under that cause of action to services that they rendered to the defendants after December 8, 2005, or six years prior to the date that the action was commenced. In the course of discovery, the plaintiff demanded that the defendants produce all documents in their possession that were relevant to the dispute, regardless of when those documents were dated or generated. The defendants objected to the demand, in part, asserting, among other things, that certain documents sought by the plaintiffs were dated or generated outside of the period of recovery articulated in the order. The defendants also served a demand upon the plaintiffs to produce certain documents. In response, the plaintiffs objected, in part, to that demand. The defendants moved, inter alia, to compel the plaintiffs to completely respond to the defendants' demands, and the plaintiffs cross-moved to compel the defendants to completely respond to the plaintiffs' demands.

Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]). "The words 'material and necessary' as used in section 3101 must 'be interpreted liberally to require disclosure, upon request, of any

facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Discovery is not unlimited, however, and the supervision of discovery is generally left to the broad discretion of the trial court (*see Geffner v Mercy Med. Ctr.*, 83 AD3d 998 [2011]; *Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2010]). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Daniels v City of New York*, 117 AD3d 981, 981 [2014] [internal quotation marks and citation omitted]; *see Montalvo v CVS Pharm., Inc.*, 102 AD3d 842, 843 [2013]; *Clark v Halmar Equities, Inc.*, 88 AD3d 940, 941 [2011]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]).

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiffs to provide further responses to the defendants' notices for discovery and inspection and interrogatories to the extent of directing the plaintiffs to serve concise responses to certain requested items (*see Clark v Halmar Equities, Inc.*, 88 AD3d at 941). The court also providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was pursuant to CPLR 3124 to compel the defendants to provide further responses to the plaintiffs' demand for discovery and inspection with respect to items 6-9, 12, 23, and 24 (*see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' cross motion which was referable to item 5, which demanded that the defendants provide all material relating to the LLK and TCB litigations, as that evidence was relevant to the plaintiffs' cause of action sounding in quantum meruit (*see Staten v City of New York*, 90 AD3d 893 [2011]). Quantum meruit compensation is not limited to a calculation based on the number of hours worked multiplied by a reasonable hourly rate. Rather, in fixing an award of legal fees based on quantum meruit, the court may consider " 'evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services' " (*Padilla v Sansivieri*, 31 AD3d 64, 67 [2006], quoting

*Rosenzweig v Gomez*, 250 AD2d 664, 664 [1998]). Documents relating to the LLK and TCB litigations predating December 2005 and postdating December 2011 are material, and might lead to admissible evidence with regard to the plaintiffs' quantum meruit cause of action. Accordingly, even if the recovery sought in connection that cause of action were limited to legal services that were rendered by the plaintiffs within the applicable limitations period, the court improvidently denied that branch of the plaintiffs' cross motion which was to compel the defendants to further respond to item 5, since the denial, in effect, improperly allowed the defendants to limit their production of documents only to those generated or dated within that time period.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' cross motion which was pursuant to CPLR 3103 to preclude the plaintiffs from permitting certain nonparties, including their disqualified attorney, from attending depositions in the matter (*see* CPLR 3103 [a]; *see also Scollo v Good Samaritan Hosp.*, 175 AD2d 278 [1991]; *Matter of Westchester Rockland Newspapers v Marbach*, 66 AD2d 335 [1979]).

We decline the plaintiffs' request that the matter be assigned to another justice (*see Fecteau v Fecteau*, 97 AD3d 999, 1002 [2012]; *see also Oxman v Mountain Lake Camp Resort Inc.*, 105 AD3d 653, 654 [2013]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.