REGINALD HACKSHAW, Individually and as Administrator of the Estate of EUGENIA HACKSHAW, Deceased, Appellant, v MERCY MEDICAL CENTER, Respondent, et al., Defendants. [33 NYS3d 297]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated July 30, 2014, which, in effect, granted that branch of the motion of the defendant Mercy Medical Center which was for leave to reargue its opposition to the plaintiffs' motion, inter alia, to strike its answer for failure to comply with discovery demands, which was determined by an order of the same court dated February 18, 2014, and, upon reargument, to amend so much of that order as directed it to produce certain training materials by providing that the training materials for the years 2010 and 2013 are not subject to discovery.

Ordered that the order dated July 30, 2014, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Mercy Medical Center which was, upon reargument, to amend so much of the order dated February 18, 2014, as directed it to produce certain training materials by providing that the training materials for the year 2010 are not subject to discovery, and substituting therefor a provision, upon reargument, denying that branch of the motion; as so modified, the order dated July 30, 2014, is affirmed, without costs or disbursements, and the time for the defendant Mercy Medical Center to provide the plaintiffs with the training materials for the year 2010 shall be enlarged until 20 days after service upon it of a copy of this decision and order.

In this action, inter alia, to recover damages for medical malpractice, the plaintiffs allege that the defendant Mercy Medical Center (hereinafter Mercy) failed to properly diagnose and treat the decedent during her admissions to Mercy in September 2009 and March 2010. The plaintiffs moved, inter alia, to strike Mercy's answer for failure to comply with their discovery requests. In an order dated February 18, 2014 (hereinafter the preclusion order), the Supreme Court conditionally granted that branch of the plaintiffs' motion which was to strike Mercy's answer unless Mercy provided the plaintiffs with, among other things, "the video training courses and related written materials testified to by nurse Margaret Manglirawan at her deposition" (hereinafter the training materials). Mercy moved for leave to reargue its opposition to the plaintiffs' motion to strike its answer, and, upon reargu-

ment, to amend so much of the preclusion order as directed it to produce the training materials by providing that the training materials for the years 2010 and 2013 are not subject to discovery. In an order dated July 30, 2014, the court, in effect, granted that branch of Mercy's motion which was for leave to reargue its opposition to the plaintiffs' motion to strike its answer, and, upon reargument, to amend so much of the preclusion order as directed it to produce the training materials by providing that the training materials for the years 2010 and 2013 are not subject to discovery. The plaintiffs appeal.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in, in effect, granting that branch of Mercy's motion which was for leave to reargue its opposition to the plaintiffs' motion to strike its answer, as Mercy demonstrated that the court overlooked the fact that the training courses and related written materials Manglirawan described at her deposition included materials pertaining to the years 2010 and 2013 in addition to the year 2009 (*see Vaccariello v Meineke Car Care Ctr., Inc.*, 136 AD3d 890 [2016]; *Ito v 324 E. 9th St. Corp.*, 49 AD3d 816, 817 [2008]).

Contrary to the plaintiffs' further contention, the Supreme Court was not barred from entertaining Mercy's objections to the disclosure of the training materials for the years 2010 and 2013 because Mercy failed to assert them within the time prescribed by CPLR 3122, as Mercy contended that the plaintiffs' demands for such materials sought information that was immaterial to their claims and, therefore, were palpably improper (*see Diaz v City of New York*, 117 AD3d 777, 778 [2014]; *Montalvo v CVS Pharm., Inc.*, 102 AD3d 842, 842 [2013]; *During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]; *Hunt v Odd Job Trading*, 44 AD3d 714, 716 [2007]; *Marino v County of Nassau*, 16 AD3d 628, 629 [2005]).

CPLR 3101 (a) provides, in pertinent part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words 'material and necessary' as used in section 3101 must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]; *see Gould v Decolator*, 131 AD3d 445, 447 [2015]). "However, unlimited disclosure is not mandated, and the court may deny, limit, condition, or regulate the use of any disclosure device to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or

the courts" (*Diaz v City of New York*, 117 AD3d at 777; *see* CPLR 3103 [a]; *Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d 798, 799 [2016]). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d at 799 [internal quotation marks omitted]; *see Gould v Decolator*, 131 AD3d at 447).

Here, the Supreme Court providently exercised its discretion in granting that branch of Mercy's motion which was, upon reargument, to amend so much of the preclusion order as directed it to produce the training materials by providing that the training materials for the year 2013 are not subject to discovery, as the standards and training Mercy provided to its nursing staff in 2013 are neither material nor necessary to the plaintiffs' prosecution of their claims, which assert malpractice in 2009 and 2010.

However, the Supreme Court improvidently exercised its discretion in amending the preclusion order to provide that the training materials for the year 2010 are not subject to discovery. Those materials are relevant to the plaintiffs' claims, which allege malpractice not only in 2009 but also in 2010. Contrary to Mercy's contention, the fact that the plaintiffs asserted an allegation of malpractice occurring in 2010 for the first time in their bill of particulars, whereas the complaint alleges malpractice only in 2009, does not preclude them from prosecuting their claims asserting malpractice in 2010 (*see* CPLR 3043 [a] [1]; *Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2007]; *Dickstein v Dogali*, 303 AD2d 443, 444 [2003]; *cf. Alami v 215 E. 68th St., L.P.*, 88 AD3d 924, 925-926 [2011]). Hall, J.P., Sgroi, Duffy and Barros, JJ., concur.