**Fusion Funding v All Pro Preparation, Inc.**

2025 NY Slip Op 31133(U)

April 8, 2025

Supreme Court, Ontario County

Docket Number: Index No. 135112-2023

Judge: Daniel J. Doyle

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONTARIO

FUSION FUNDING,

Plaintiff,

-vs-

ALL PRO PREPARATION, INC.,
d/b/a ALL PRO PREPARATION,
ALLPRO,
3CONBUILDERS, INC.,
AGG PARTNERS, LLC,
ELEVATION DOOR & GLAZING, INC.,
PREMIER DRYWALL SOLUTIONS, INC.,
ARES BRAZILIAN JIU-JITSU,
ARES COPPEROPOLIS,
J & J REMOVAL,
J AND J REMOVAL,
ALL PRO PREMIUM BUILDERS, INC.,
J AND J REMOVAL, INC.,
JG JIUJITSU & FITNESS, INC.,
NEXT GENERATION PEST CONTROL,
QUALIFIED TRUCKING,
DANIEL MANUEL GONZALEZ, and
JAVIER GOMEZ,

Defendants.

**Decision and Order**

Index No.: 135112-2023

**Appearances:**

Ariel Bouskila, Esq., Berkovitch & Bouskila, PLLC, for the Plaintiff
Dominick Dale, Esq., Law Office of Dominick Dale, Esq., for Defendants

1

**Daniel J. Doyle, J.,**

This collections lawsuit arises out of a Merchants Cash Advance Agreement ("agreement"). Plaintiff is a New York company providing receivable financing. Defendants are located in California. On or about November 28, 2022, the parties entered into the agreement wherein plaintiff would purchase $476,000 of future receivables for an up-front payment of $350,000, which the individual defendants guaranteed. Defendants allegedly later stopped making payments and owes $404,600 plus fees.

Plaintiff initiated this action on January 13, 2023.[1] Defendants answered denying liability and raised thirty affirmative defenses.

The plaintiff moves for an order pursuant to CPLR § 3126 striking the defendants' answer for failure to comply with a previous order to compel disclosure. The defendants' cross-moved for summary judgment dismissing the 2nd cause of action in the complaint alleging a breach of the personal guarantees, striking the plaintiff's complaint for misconduct, for a protective order, and to compel the plaintiff to appear for a deposition.

---

[1] The verified complaint contains two causes of action: (1) breach of contract; and (2) enforcement on a personal guarantee. (NYSCEF Docket # 1.)

2

For the reasons that follow, the plaintiff's motion is GRANTED, and the defendants' answer is stricken, and a default judgment is entered against the defendants. The defendants' motion is DENIED.

### Motion to Strike the Defendants' Pleadings is Granted

After initiation of the action, the Court issued scheduling orders requiring the parties to exchange discovery by a date certain. Plaintiff served discovery responses on February 7, 2023. Defendants did not provide responses.[2] Plaintiff previously moved to compel responses to the previously served discovery. Defendants cross-moved for a protective order and to compel a deposition of the plaintiff.

On September 20, 2024, the Court issued an order granting the plaintiff's motion to compel and ordering that:

> * * * that the Plaintiff's motion to compel is GRANTED in all respects, and the Defendants shall provide responses to the Plaintiff's 1st Demand for Discovery, Plaintiffs Demand for a Verified Bill of Particulars, and the following paragraph requests in the Plaintiffs Notice to Admit: 2; 3; 4; 8; 9; 10, and 14 only; and it is further
>
> ORDERED that the Defendants' motion for protective order is partially granted as to the paragraph requests in the Plaintiffs Notice to Admit numbered 1, 5, 6, 7, n, 12, 13, 15, and 16 (*Singh v. G&A Mounting &Die Cutting, Inc.*, 292 AD2d 516 [2nd Dept. 2002]); and it is further
>
> ORDERED that the Defendants' request that the Plaintiff be compelled to attend an examination before trial is DENIED, without prejudice

---

[2] The Court issued scheduling orders requiring completion of fact discovery by February 29, 2024, and a second order extending that deadline to June 28, 2024.

3

[*3]

should the Defendants' serve upon the Plaintiff a demand pursuant to CPLR Rule 3107; and it is further

ORDERED that the Defendants shall supply responses to the above demands no later than thirty (30) days from entry of this Order.

On November 4, 2024, the plaintiff served a "good faith" letter on the defendants requesting compliance with the Court's previous order compelling discovery. Not having received discovery, the plaintiff now moves to strike the defendants' answer for violating the Court's previous scheduling orders and the court's order to compel disclosure. In support, the plaintiff avers that the defendants did not produce any discovery as required by the order and failed to respond to the "good faith" letter sent to resolve the dispute.[3]

In response, the defendants argue that they served discovery on March 3, 2025[4], that the plaintiff's discovery responses were insufficient, that the plaintiff committed misconduct in failing to disclose a settlement, and that the plaintiff should be compelled to attend a deposition. The defendants have not previously moved to compel discovery from the plaintiff, nor do they cross-move to seek that

---

[3] The plaintiff's motion was filed by way of an Order to Show Cause dated December 13,2024.

[4] Notably, the discovery response was served three months after the instant motion was filed. As is set forth further below, the discovery response is deficient.

[* 4]

relief in response to the instant motion, other than requesting an order to compel the plaintiff to attend a deposition.

As to the defendants' averment that they had served discovery, the Court has reviewed the discovery responses (served six [6] months after the deadline set by the Court). The defendants fail to explain their substantial delay in providing the little discovery they provide. Furthermore, the responses provided by the defendants are woefully insufficient and do not comply with the Court's previous order.[5] Instead, the defendants supplied non-responsive information consisting solely of a copy of a complaint in an action brought in California against a third party. The complaint relies upon financial records of All Pro Preparation (a defendant herein) in making various allegations against that third-party. Those records would be relevant to the plaintiff's discovery demands but were not supplied. Instead, the defendants raised frivolous objections to the demands- despite this Court's order compelling a response.

---

[5] As but one example, the plaintiff – in its discovery demand- requested copies of the monthly bank statements of the defendant companies from November 29, 2022 (the date of the agreement) to the date of the discovery demand. As the Court previously held, this information was both material and discoverable. The defendants – in their memorandum of law- state that "all applicable bank statements were disclosed to the plaintiff under a second over [sic]". The defendants do not supply any evidence in support of this statement. Nor do they explain why these statements were not originally produced (if actually produced) in response to the demand made in February of 2024, or the Court's order requiring them to be produced by October 20, 2024.

5

[* 5]

"The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion (*see Dimoulas v. Roca*, 120 A.D.3d 1293, 1295, 993 N.Y.S.2d 56; *Zakhidov v. Boulevard Tenants Corp.*, 96 A.D.3d 737, 739, 945 N.Y.S.2d 756). The general rule is that the court will impose a sanction commensurate with the particular disobedience it is designed to punish and go no further than that (*see Zakhidov v. Boulevard Tenants Corp.*, 96 A.D.3d at 739, 945 N.Y.S.2d 756; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3126:8)." (*Crupi v. Rashid*, 157 AD3d 858, 859 [2nd Dept. 2018].)

The Court determines that the defendants' failure to produce discovery as required by this Court's previous order granting the motion to compel, and the Court's scheduling orders, was willful. As the Fourth Department noted in *Peterson v. New York Central Mutual Fire Insurance Company* (174 AD3d 1386 [4th Dept. 2019]): "Here, the conclusion that plaintiffs' conduct was willful and contumacious can be inferred from their repeated failure to comply with the court's scheduling orders, defendant's demands for discovery, and the motions to compel, despite defendant's good faith extensions of time to respond to the demands (*see Getty v. Zimmerman*, 37 A.D.3d 1095, 1096–1097, 830 N.Y.S.2d 409 [4th Dept. 2007]; *Kopin v. Wal–Mart Stores*, 299 A.D.2d 937, 937–938, 750 N.Y.S.2d 379 [4th Dept. 2002] ). Thus, in each action, defendant met its initial burden, and the burden shifted to plaintiffs to offer

6

[* 6]

a reasonable excuse (*see Hill v. Oberoi*, 13 A.D.3d 1095, 1096, 786 N.Y.S.2d 765 [4th Dept. 2004]).” (*Id.* at 1388.)

The defendants offer no excuse to the non-response to the Court’s orders and the plaintiff’s requests for discovery.

The Court ordered the defendants to comply with the plaintiff’s discovery demands by October 20, 2024. The Court had previously issued scheduling orders that required as discovery to be completed in February and June of 2024. The defendants did not comply with any of the Court’s orders. The discovery provided months after the court-ordered deadlines is woefully insufficient. As the Court of Appeals noted in *Miceli v. State Farm Mut. Auto. Ins. Co.* (3 NY3d 725 [2004]): “As we made clear in *Brill*, and underscore here, statutory time frames—like court-ordered time frames (*see Kihl v. Pfeffer*, 94 N.Y.2d 118, 700 N.Y.S.2d 87, 722 N.E.2d 55 [1999])—are not options, they are requirements, to be taken seriously by the parties.” (*Id.* at 726.)

> “The drastic remedy of striking a pleading is appropriate when there is a clear showing that the failure to comply with discovery demands or orders was willful and contumacious” (*Henry v. Atlantis Rehabilitation & Residential Healthcare Facility*, LLC, 194 A.D.3d 1021, 1022, 149 N.Y.S.3d 217; *see* CPLR 3126[3]; *Gafarova v. Yale Realty, LLC*, 174 A.D.3d 862, 863, 106 N.Y.S.3d 122). Moreover, “[t]he willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with

7

discovery orders, and the absence of a reasonable excuse for these failures, or by the failure to comply with court-ordered discovery over an extended period of time" (*Nationstar Mtge., LLC v. Jackson*, 192 A.D.3d 813, 815, 144 N.Y.S.3d 81 [internal quotation marks omitted]; *see Henry v. Atlantis Rehabilitation & Residential Healthcare Facility, LLC*, 194 A.D.3d at 1022–1023, 149 N.Y.S.3d 217).

(*Gorbatov v. Tsirelman*, 206 A.D.3d 887, 889 [2nd Dept. 2022].)

The Court must conclude that the defendants engaged in willful delay of the discovery process. Here, given the willful delay by the defendants, and their intentional ignoring of the Court's previous orders, the appropriate remedy is striking the defendants' answer. (CPLR § 3126; *Prattico v. City of Rochester*, 197 AD3d 882 [4th Dept. 2021].)

The Court rejects the defendants' argument that the plaintiff committed misconduct by not informing the Court that the parties settled the 2nd cause of action in the complaint. In reviewing the defendants' submissions, it is apparent that the agreement between the parties was not a settlement of the 2nd cause of action in the complaint. Instead, the agreement (titled "Lien Release Agreement") was to vacate liens plaintiff had placed against "Elevation Door & Glazing, Inc." and that plaintiff "relinquishes any and all claims, liens, or encumbrances against Elevation Door & Glazing, Inc." not Javier Gomez and Daniel Gonzalez.

8

The Court also rejects the defendants' arguments that the plaintiff's motion must be denied as the plaintiff's discovery responses were insufficient. The defendants did not move to compel discovery from the plaintiff, other than requesting that the plaintiff be compelled to attend a deposition. However, as noted in the previous order of the Court, the defendants never served a demand for the plaintiff to appear at a deposition.

Based upon the foregoing, and the papers submitted herein,[6]

ORDERED that the plaintiff's motion to strike the defendants' pleadings is GRANTED; and is it further

ORDERED that the Clerk of the Court shall enter a default judgment against the defendants, upon application of the plaintiff, for the amount demanded in the complaint (less payments received by plaintiff after initiation of the instant action),

---

[6] Order to Show Cause (NYSCEF Docket # 91; 102); Affirmation in Support with exhibits (NYSCEF Docket #s 92-101); Affirmation in Opposition to Cross-Motion and in Further Support of Motion with exhibits (NYSCEF Docket #s 114-116); Memorandum of Law in Opposition to Cross-Motion and in Further Support of Motion (NYSCEF Docket # 117); Notice of Cross-Motion (NYSCEF Docket # 105); Affirmation in Opposition to Motion and in Support of Cross-Motion (NYSCEF Docket # 106); Memorandum of Law in Support (NYSCEF Docket # 107); Affidavit in Support (NYSCEF Docket # 108); Affidavit in Support (NYSCEF Docket # 109); Exhibits (NYSCEF Docket #s 110-113); Affirmation in Opposition to Cross-Motion and in Support of Motion with exhibits (NYSCEF Docket #s 118-120); Memorandum of Law in Opposition to Cross-Motion and in Further Support of Motion (NYSCEF Docket # 121); Memorandum of Law in Reply (NYSCEF Docket # 122).

9

[* 9]

plus interest from the date of default, costs and disbursements, and attorneys' fees to be determined by the Court upon application by the plaintiff; and it is further

ORDERED that the defendants' motion is DENIED; and it is further

ORDERED that the defendants' motion scheduled for June 10, 2025, seeking to stay the plaintiff's UCC collection efforts during the pendency of the instant action, is DISMISSED as moot.

This constitutes the Decision and Order of the Court.

Dated: April *8*, 2025

_____
Honorable Daniel J. Doyle, JSC

10

[* 10]